In the Matter of Robert Feldman, Petitioner, *v.* Elmer Reeves, as Chief Probation Officer of the Department of Probation, et al., Respondents.

First Department, June 18, 1974.

*Leonard M. Weintraub* for petitioner.

*A. Seth Greenwald* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for Burton B. Roberts, respondent.

CAPOZZOLI, J. This is an application, pursuant to article 78 of the CPLR, in the nature of mandamus, for an order directing the return to petitioner of certain moneys deposited by him and which are in the Department of Probation.

Petitioner originally pleaded guilty to grand larceny in the second degree and, with the approval of the court, instituted a restitution program, pursuant to which he made deposits with the Probation Department totaling $5,936. This was done because the court had under consideration the possibility of a sentence of probation to be imposed on the petitioner.

However, the court eventually decided that it could not give petitioner a sentence of probation and it allowed him to withdraw his plea of guilty and reinstituted the plea of not guilty and directed as follows: "Probation escrow money to be returned to defendant". This, obviously, was in accordance with the long-established practice that, when a court cannot comply with terms which had previously been negotiated

between it and a defendant, the defendant is entitled to be restored to his *status quo* before the guilty plea was accepted. Our dissenting colleague concedes " undoubtedly when a plea is permitted to be withdrawn all terms and conditions of the plea are included, and the situation is as if the plea had never been entered ".

Following the withdrawal of the guilty plea, petitioner appeared before another Justice of the court and pleaded guilty to grand larceny in the second degree. He was sentenced to one year in prison.

The sentencing Judge refused to direct the return of the money which was in the possession of the Probation Department, despite the prior order of another Justice of the court. As a result, this proceeding has been instituted.

Restitution, as distinguished from a fine, can only be imposed, upon a conviction, as a condition of probation or of conditional discharge. Paragraph (f) of subdivision 2 of section 65.10 of the Penal Law reads in part:

" When imposing a sentence of probation or of conditional discharge, the court may, as a condition of the sentence, require that the defendant:

" (f) Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby." Respondents have cited no authority which challenges the rule that, in view of the last-cited section, restitution can be imposed only pursuant to probation or conditional discharge.

Restitution is not a means to recover damages in a criminal action. It is a procedure whereby, in a proper case, the court has discretion to place a defendant on probation and at the same time not allow him to profit by his criminal act. In the absence of a statutory provision, criminal courts have no power to direct reparation or restitution. (*People* v. *Grago,* 24 Misc 2d 739.)

We have noted the cogent reasoning of our dissenting colleague in support of his conclusion that the money should not be returned to the petitioner on principles of equity. It would be a forceful argument if it were presented to the Legislature to the end that it might consider the advisability of a change in the law. But, as the law is now written, we can only take such action as is circumscribed therein.

We have considered the argument of the respondents to the effect that the Statute of Limitations applies to this proceeding because the petitioner failed to bring it within four months, as required by CPLR 217. We find this to be without merit

because the clear legal right to relief, upon which this proceeding is founded, did not accrue until July 9, 1973, when the petitioner was finally sentenced and given a prison term instead of probation or conditional discharge.

The petition herein for an order directing the return to petitioner of the money now on deposit in the Department of Probation should be granted, without costs.

STEUER, J. (dissenting). The issue raised by this petition admits of resolution by principles of equity so rudimentary that the proverbial man in the street would experience no difficulty in arriving at the proper solution. We have become so embroiled in considerations of what is fair in plea bargaining that the forest has been obliterated by the immediate prospect of the trees.

The petitioner was indicted for larceny and forgery on indictments charging him with thefts totaling $122,000. Upon representations that he would make restitution the court (DOLLINGER, J.) indicated that he would give a sentence of probation. Petitioner then pleaded guilty and arrangements were made for him to make periodic payments to respondent Reeves, Chief Probation Officer of the Department of Probation. As the payments were restitution, Mr. Reeves held them for the benefit of the victims of petitioner's larcenies. When the petitioner appeared for sentence, Judge DOLLINGER concluded that a sentence of probation would not be proper. At that time some $6,000 had been deposited with Mr. Reeves. In view of his conclusion that he could not with propriety sentence petitioner to probation, Mr. Justice DOLLINGER quite properly allowed petitioner to withdraw his plea. He also made a notation on the papers that the $6,000 should be returned to petitioner. Nothing was done to implement this direction.

Shortly thereafter petitioner appeared before Mr. Justice ROBERTS for trial on the indictment, pleaded guilty to grand larceny and to forgery in the second degree, and received two concurrent sentences of one year. He thereupon asked Mr. Justice ROBERTS to order the return of the funds deposited. He refused, and this petition for that relief followed.

Petitioner claims that he made the payments in the expectation that he would receive a sentence of probation. This is undoubtedly true, but quite immaterial. Petitioner had not been sentenced and no terms of payment as a condition for probation had been arrived at pursuant to section 65.10 of the Penal Law. Payments made prior to sentence, though made in the expectation of a sentence of probation, are not made pursuant

to such a sentence. Even though the court may have encouraged such payments (which, though it does not specifically appear, might reasonably be assumed), the situation is unchanged. Petitioner in making the payments was acting voluntarily to discharge a legal and moral obligation.

Once the payments were made, the funds in the possession of the respondent equitably belonged to the persons who were victimized by the petitioner. Had the payments been made directly to them it is beyond dispute that petitioner could not recover them because he did not receive the sentence he had expected when he made the payments. Respondent Reeves did not become an escrowee but a trustee for these persons. Neither of the two justices involved had any power to nullify that by ordering restitution to petitioner.

Undoubtedly when a plea is permitted to be withdrawn all terms and conditions of the plea are included, and the situation is as if the plea had never been entered. Likewise, if a plea is accepted pursuant to a representation as to what the sentence will be, if the court does not see fit to impose that sentence the plea should be allowed to be withdrawn. But, as indicated, these principles affect neither the equities nor the legalities of the situation.

The petition should be dismissed.

MARKEWICH, J. P., and KUPFERMAN, J., concur with CAPOZZOLI, J.; STEUER, J., dissents in an opinion.

Petition granted, without costs and without disbursements, and the Department of Probation directed to return to petitioner the moneys deposited by him with said department.