Joanna Gozzi, Esq. Deputy County Attorney, Onondaga
Based upon your letter and a telephone conversation with this office, you ask two questions in relation to restitution and the disposition of restitution funds paid by a defendant as a condition of a sentence of probation:
 1) What procedure should be followed by a county where a defendant refuses to comply with a court order directing restitution as a condition of a sentence of probation?
 2) In what manner should a county dispose of restitution funds collected from a defendant where, after the order of restitution has been made, the victim cannot be located?
Criminal Procedure Law, § 420.10(1)(d) and Penal Law, §§60.27(1), 65.10(2)(g) authorize a court, as part of a sentence of probation imposed upon a person convicted of an offense, to condition that sentence upon the defendant's making of restitution to the victim of the offense for the loss or damage caused. The court must specify as part of the sentence the conditions of restitution to be complied with, including the amount thereof, the manner of performance and the date when restitution is to be paid in full prior to the expiration of the sentence of probation (Criminal Procedure Law, § 410.10[1]; Penal Law, §§ 65[2], 65.10[2][g]). In addition, the court may provide for the early termination of such sentence after restitution has been satisfied (Penal Law, § 65.10[2][g]).
The court has continuing jurisdiction throughout the probation period over the defendant's performance of restitution as a condition of the sentence (Criminal Procedure Law, §§ 410.20, 420.10; Penal Law, §§ 65[2], 65.10[3][b]). In appropriate cases, the court may modify, enlarge or even eliminate the condition of restitution at anytime prior to the expiration of the period of probation (Criminal Procedure Law, §410.20[1]; Penal Law, § 65[2]). A defendant who is unable to pay restitution may apply to the court for resentence, in which case the court may modify or revoke the condition where warranted (Criminal Procedure Law, § 420.10[4]). The remission of restitution in cases other than those based upon a defendant's application for resentence is governed by Criminal Procedure Law, § 420.30.
The procedure for the collection of restitution is set forth in Criminal Procedure Law, § 420.10(1). Under that procedure restitution is paid by the defendant directly to an official designated by the court to receive payment. That official, in turn, is responsible for remitting payment to the victim and must report to the court "any failure" to comply with the order of restitution (Criminal Procedure Law, §420.10[1][e]). The statute does not indicate what disposition is to be made of restitution funds collected from a defendant in instances where the victim cannot be located.
In response to your first question, it is clear that in the situation where a defendant refuses to comply with an order of restitution, the county official designated to receive payment must report the matter of such noncompliance to the court for disposition (ibid.).
In response to your second inquiry, we think that the manner of disposing of restitution funds collected from a defendant, in instances where the victim cannot be located, is a matter within the continuing jurisdiction of the sentencing court over the conditions of probation which should, therefore, be determined by the court (Criminal Procedure Law, §§410.20, 420.10; Penal Law, §§ 65[2], 65.10[2][g], [3][b]; see, also,Matter of Feldman v Reeves, 45 A.D.2d 90 [1st Dept, 1974]; People vLofton, 78 Misc.2d 202 [Crim Ct of the City of New York, New York Co, 1974]). In this situation it is clear that the defendant, although making payments to the designated county official, is nevertheless unable to satisfy restitution as a condition of his sentence and, in fact, may never be able to do so unless and until the victim is located. We think that the county's responsibility in this case is to apprise the court of the fact that the victim cannot be located so that the court can determine whether restitution is appropriate and what disposition there should be of the funds on hand (Criminal Procedure Law, §420.10[1][e]).
You specifically inquire whether a county should deposit these funds in an account on behalf of the victim. From what we have said, it follows that this should not be done unless the court directs the county to do so. We believe that a county is neither authorized nor obligated to retain these funds on behalf of the victim once it has been determined that the victim cannot be located.*
You also inquire whether a county is authorized to apply to the court for resentence under Criminal Procedure Law, § 420.10(4) in order to return the funds to the defendant. Our answer to that question is that, since section 420.10(4) refers only to applications by a defendant and also does not specifically authorize the return of funds, the county may not utilize that section. We do note, however, that a county would be authorized in this situation to apply to the court for an order modifying or eliminating the condition of restitution under Criminal Procedure Law, § 410.20 (see People v Grago, supra), and apparently may also apply for the remission of restitution under section 420.30.
Upon such application, the court may modify or eliminate the condition of restitution, revoke the sentence or provide for the remission of restitution where warranted (Criminal Procedure Law, §§ 410.20,420.10, 420.30; Penal Law, § 65[2]). We find no provision, however, authorizing a court to direct the use of restitution funds for a public purpose, which your letter suggested as a possible alternative. We believe that absent such statutory authority, a court has no power to direct the use of restitution funds in this manner. See Matter of Feldman v Reeves,supra; People v Grago, supra.
We conclude that a county official designated to receive payment of restitution must report to the court any failure of the defendant to comply with an order of restitution. Restitution funds collected from a defendant in instances where the victim cannot be located should be disposed of only as directed by the court. A county is not authorized to apply for resentence under Criminal Procedure Law, § 420.10(4), but may apply to the court for the modification, elimination or remission of restitution.
* We note here that a victim has no "right" per se to receive restitution funds paid as part of a sentence of probation such as would require a county to retain those funds indefinitely, or preclude a court from disposing of such funds in accordance with statute. Restitution is intended as a means to insure that the defendant will lead a law-abiding life (Penal Law, § 65.10[1]) and was not intended to substitute for the victim's right to recover damages from the defendant in a civil action, nor as a means to recover damages in a criminal action (Penal Law, § 60.27[6]; Matter of Feldman v Reeves, supra; People vGrago, 24 Misc.2d 739 [Co Ct, Oneida Co, 1960]).