OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a proceeding commenced pursuant to CPLR 5225 and 5227, whereby petitioners as judgment creditors, seek to require the County of Albany (County) and the Albany County Probation Department (Probation Department), to turn over money which is allegedly the property of Daniel L. Prewett, the judgment debtor. The Probation Department is in possession of a “restitution fund” pursuant to the conviction and sentence of Mr. Prewett in a criminal proceeding before the Honorable Joseph H. Harris, Albany County Court Judge.
Upon the submissions before the court, it appears that both State and Federal officials investigated the business activities of Mr. Prewett. He engaged in fraudulent schemes through the use of various corporate entities which resulted in the loss of hundreds of thousands of dollars by local residents. Ultimately, Mr. Prewett was allowed to plead guilty to certain charges with respect to one such corporation, International Insurance Group Ltd. (IIG), apparently in full satisfaction of all criminal activity. *605 As part of a plea bargaining arrangement, Mr. Prewett was sentenced to a term of imprisonment and fined the sum of $120,000.
On December 20, 1984, a “restitution hearing” was held by Judge Harris. However, only persons who lost moneys through IIG were allowed to present claims. Those persons whose losses were attributable to other corporate “shells” were prohibited from making any claims from the fund created by payment of the fine. On January 28, 1985, petitioners obtained a money judgment in a civil action against Mr. Prewett. They now seek to satisfy their judgment from the fund created as aforesaid.
Prior to the enactment of Laws of 1980 (ch 290), restitution could only be ordered by a sentencing court as a condition of probation or conditional discharge. The new section of the Penal Law (§ 60.27) now requires a sentencing court to consider restitution to the victim of a crime and allows such relief to be part of the sentence. While not “a sentence in and of itself [it] may be imposed as part of an authorized sentence.” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 60.27, 1975-1984 Supp Pamph, p 95.) This legislative action is a jurisdictional predicate to Judge Harris’ imposition of the fine. “In the absence of a statutory provision, criminal courts have no power to direct reparation or restitution.” (Feldman v Reeves, 45 AD2d 90, 92.)
Upon enactment of the expanded provision for restitution, CPL 420.10 was amended to set forth the procedure to be utilized when restitution is contemplated. Simultaneously, Penal Law § 60.27 (4) provides that for purposes of restitution, “the term ‘offense’ shall include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense.” (Emphasis supplied.) The Practice Commentary (id.) recognizes that this is an expanded definition of criminal activity, and indicates that such an offense probably need not be charged in the accusatory instrument. This is squarely the case at bar. Herein, the circumstances indicate that there is at minimum, identity with respect to the perpetrator, criminal activity, geographic location and time, circumscribed by extensive State and Federal investigation, culminating in various indictments and a negotiated plea. As such, those persons defrauded under Mr. Prewett’s corporate creation, known as the Cash Management Company, are included within the parameters envisioned by the provision for restitution. Of para *606 mount significance is the realization that our lawmakers enacted legislation with the intent to aid victims of criminal activity. Corporate technicalities may not be utilized to circumvent this goal.
As aforesaid, the proceeding now before the court seeks only a judgment directing the Probation Department to deliver funds to petitioners, sufficient to satisfy their judgment. Petitioners assert that their rights as judgment creditors are superior to those who were included in Judge Harris’ restitution order, and that the moneys paid by Mr. Prewett to the Probation Department constitute property in which he, as a judgment debtor, has an interest. This argument is without merit. “A money judgment can only be enforced against a property right to the extent that the judgment debtor can assign or transfer it (CPLR 5201, subd. [b]).” (Hickey Co. v Port of New York Auth., 23 AD2d 739-740.) Mr. Prewett, in his capacity as a convicted felon, has been fined the sum of $120,000. In complying with the terms of his sentence, he has allegedly paid certain moneys to the Probation Department, as the official designee for remittance to appropriate recipients (1983 Opns St Comp No. 83-181, p 228). As such, he no longer has any interest in these moneys which is capable of assignment or transfer. This is not an instance where “the judgment debtor [has] retained sufficient control over the fund in question to render the fund subject to execution” (Koroleski v Badler, 32 AD2d 810, 811). Mr. Prewett has no contingent interest in the moneys nor any expectation that the funds will be returned to him. As such, they are not subject to execution.
While petitioners have achieved no rights superior to other claimants solely by virtue of their status as judgment debtor, they should not be left without a remedy. Such a determination would result in petitioners being denied relief on two fronts. Initially, they were precluded from participating in the restitution process. Secondly, through the imposition of a fine, the sentencing court has mandated that the judgment debtor liquidate substantially all of his disposable assets to satisfy the criminal sentence, thus further depriving these judgment creditors of potential assets from which to satisfy their indebtedness. In essence, Judge Harris appears to have assumed the role of referee in bankruptcy and created a separate class of preferred creditors to the exclusion of petitioners.
The petition for a judgment directing respondents to pay over and deliver to the petitioners, the principal sum of their judgment against Daniel L. Prewett, individually and doing business as the Cash Management Company, shall be dismissed *607 without prejudice to the institution of a proceeding to compel the inclusion of petitioners in any restitution award, within 30 days of the date hereof. Respondents shall not dispose of any of the proceeds of the fund during said period. While this court may not pass upon the merits of such a proceeding, upon circumstances as alleged herein, the absolute exclusion of one group of defrauded citizens in favor of another in the absence of any rational basis, therefore, would constitute the height of arbitrary conduct.