OPINION OF THE COURT
Joseph Harris, J.
Heretofore and on June 26, 1985, the above-named Evelyn Hanrahan and Lynda Hanrahan submitted to this court an ex parte application for inclusion as claimants in a restitution fund established pursuant to Penal Law § 60.27 in the case of "The People of the State of New York against Daniel Prewett”, indictment No. 33 of the January 1984 term of the Albany County Grand Jury. That ex parte application was denied upon the ground that there were disputed questions of fact and law that could only be decided in a plenary action, *777 upon notice to all indispensable and/or necessary parties whose interests would be affected if the relief sought was granted.
In order to give the applicants the opportunity to be heard on the merits, leave was granted to bring a further application for the relief requested within 20 days from the date of the court’s decision, upon proper notice to the Albany County District Attorney, to all persons already designated as beneficiaries of the restitution fund, and to the defendant.
Service upon the required parties was duly made by the applicants. However, on the return date of the application the applicants rested without calling any witnesses or submitting any proof.
In the underlying case, above cited, defendant Prewett was indicted for a series of grand larcenies perpetrated through the use of a corporation known as International Insurance Group, Ltd. The defendant pleaded guilty to said indictment and to each of the grand larceny counts thereof and as part of his sentence was ordered, pursuant to Penal Law § 60.27, to make restitution in designated amounts to designated persons criminally defrauded through Prewett’s operation of International Insurance Group, Ltd., which persons and amounts were determined at a hearing and agreed to by the defendant.[2]
The power to order restitution stems from the power to sentence; the power to sentence is triggered only by an authorized determination of criminality; and a determination of criminality can be made only upon the filing of an appropriate accusatory instrument, followed either by a plea of guilty or a verdict of guilty after trial. The procedures are fully and strictly set forth in the Criminal Procedure Law and the Penal Law of the State of New York. There is no other manner in which a transaction can be declared criminal — not even the fiat of a Supreme Court Justice.
The applicants herein claim to have been defrauded by Prewett in transactions between them involving another Prewett corporation known as "The Cash Management Company”. However, there has never been any indictment in said *778 matter, nor any determination through any procedure authorized by the Criminal Procedure Law that the applicants herein were criminally defrauded by Prewett, nor even that "The Cash Management Company” was primarily a criminal enterprise. The applicants obtained a civil judgment against Prewett on January 28, 1985.[3] This is not the equivalent of a criminal determination.
The applicants place great reliance upon an opinion of Supreme Court Justice Kahn, set forth by him in a decision respecting a proceeding concerning the subject matter herein brought by the applicants against the Albany County Probation Department and the County of Albany, dated June 10, 1985. Their reliance is ill-founded.
Justice Kahn’s opinion is not controlling here — nor is it even persuasive. Not only is it dictum, and rendered in the absence of indispensable and necessary parties — namely, the Albany County District Attorney, the defendant, and the already designated beneficiaries of the restitution fund — but purports, no doubt well intentionedly, to usurp the prerogatives bestowed by the Constitution and the statutes of this State upon the District Attorneys and criminal courts of the State, in a manner recently condemned by the Appellate Division, Third Department, in Matter of Wilcox v Kahn (102 AD2d 359).
The decision whether or not to prosecute is bestowed by the Constitution of the State of New York upon the District Attorney of the respective counties throughout the State. The decision to prosecute necessitates many fine judgments— whether the matter is in fact criminal in nature, or merely civil — an assessment of the strength of the available evidence —the extent of the resources endowed by the public upon the particular District Attorney’s office involved — and a myriad of others. Neither this court, nor any court, has the power to mandate that a District Attorney prosecute a particular case. (See, People v Di Falco, 44 NY2d 482.)
Further, the proper route for one aggrieved by the restitution decision of a sentencing criminal court Judge is a direct appeal to the Appellate Division, not a left turn to a collateral court.
Restitution is a criminal remedy, available only after strict *779 compliance with Penal Law § 60.27. If their ultimate claims are meritorious, then even though the applicants are not eligible to seek "criminal” restitution, they are in no way left by the law without redress. They have available to them the full panoply of civil remedies contained in the Civil Practice Law and Rules.
For all of the reasons stated above the ex parte application herein is denied!

. "For purposes of the imposition, determination and collection of restitution or reparation, as provided in this chapter, the term 'offense’ shall include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense.” (Penal Law § 60.27 [4].)

. This was subsequent to the restitution hearing in the criminal case, held on December 20, 1984, and subsequent to the date of sentence which was January 18,1985.