In the Matter of EVELYN HANRAHAN et al., Appellants, v ALBANY COUNTY PROBATION DEPARTMENT et al., Respondents.

Third Department, October 16, 1986

APPEARANCES OF COUNSEL

*Tobin & Dempf (John W. Clark* of counsel), for appellants.

*William J. Conboy, II, County Attorney (F. Patrick Jeffers* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J. P.

On November 13, 1984, Daniel L. Prewett pleaded guilty to 12 counts of grand larceny in satisfaction of a 17-count indictment. Prewett's conviction arose out of an investigation by both State and Federal officials of his business activities. It appears that Prewett engaged in fraudulent insurance schemes through the use of various corporate entities which resulted in the loss of hundreds of thousands of dollars to local residents. As part of the plea bargaining arrangement, Prewett, in addition to receiving a sentence of imprisonment, was required to make restitution pursuant to Penal Law § 60.27. A $120,000 restitution fund was eventually established by respondent Albany County Probation Department.

On December 20, 1984, a "restitution hearing" was held. Petitioners were apparently prohibited from making any claims to the fund. On January 18, 1985, a judgment was rendered ordering the Probation Department to pay various individuals a pro rata share of the restitution fund.

Petitioners, who allege that they were defrauded by a company operated by Prewett, the Cash Management Company (CMC), obtained a civil judgment against Prewett on January 28, 1985 for $14,897.05. They apparently were unable to satisfy this judgment because Prewett had liquidated all of his assets in order to establish the aforementioned restitution account. A restraining notice and execution were eventually served on the Probation Department as to the funds Prewett deposited. The present proceeding was subsequently commenced requesting, *inter alia,* that respondents be required to turn over approximately $14,897.05 of these funds to petitioners.

Special Term dismissed the petition finding, *inter alia,* that the funds in the restitution account were not subject to execution because Prewett retained no interest in them and because petitioners' rights with respect to said account were not superior to the other claimants' rights (128 Misc 2d 604). *The dismissal was made with leave to petitioners to institute a*

*proceeding to compel their inclusion in any restitution award* *(supra,* at p 607).\* This appeal by petitioners ensued.

CPLR 5225 (b) authorizes the commencement of a special proceeding, by a judgment creditor, against: "a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee".

Petitioners claim that Special Term erred in dismissing their proceeding. Specifically, they claim that Prewett has an interest in the restitution account, and that their rights in that account are superior to anyone else's since they are the only judgment creditors. These contentions are without merit.

First, we find that once Prewett surrendered the money to respondents, he lost any interest in said money. Once Prewett surrendered the money, he no longer had any rights to assign or transfer. Rather, County Court was the only body authorized to order the distribution of the funds (Penal Law § 60.27). Even if the sum of the claims submitted against the restitution account was less than $120,000, Prewett would not be entitled to the excess *(see,* CPL 420.10 [7]). Prewett, as judgment debtor, therefore, had no interest in the restitution account that could be executed against *(see, Stuhler v State of New York,* 127 Misc 2d 390, *affd* 113 AD2d 1038; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5201:15, pp 70-71).

We also reject petitioners' contention that since they are judgment creditors and the claimants to the restitution account are not judgment creditors, they have a superior right to the money in said account. The funds at issue here are being held by respondents pursuant to County Court's judgment. This judgment was issued before petitioners obtained their judgment, and has priority *(see, Stuhler v State of New York,* 127 Misc 2d 390, 393-394, *supra).*

Since this appeal is not from County Court's decision denying petitioners' application to share, pro rata, in the restitution fund, the issue of whether they are entitled to a pro rata

---

\* Apparently such a proceeding was initiated. However, petitioners' application to share in the restitution fund on a pro rata basis with the other claimants was apparently denied.

share pursuant to Penal Law § 60.27 may not be addressed here. Petitioners' recourse in this regard is to appeal County Court's decision. The judgment of Special Term should therefore be affirmed.

MAIN, CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.