THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PREWETT, Defendant. EVELYN HANRAHAN et al., Appellants.

Third Department, March 12, 1987

## APPEARANCES OF COUNSEL

*Tobin & Dempf (John W. Clark* of counsel), for appellants.

*William J. Conboy, II, County Attorney (F. Patrick Jeffers* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

The facts underlying this proceeding may be found in our prior decision in *Matter of Hanrahan v Albany County Probation Dept.* (119 AD2d 334), wherein we affirmed Special Term's denial of the attempt by Evelyn Hanrahan and Lynda Hanrahan as judgment creditors to secure an order requiring the Albany County Probation Department to satisfy a default judgment taken against defendant out of a restitution fund created pursuant to Penal Law § 60.27. In the interim, the Hanrahans, pursuant to leave contained in the dismissal by Special Term *(see, Hanrahan v Albany County Probation Dept.,* 128 Misc 2d 604, 607, *affd* 119 AD2d 334), made the instant application by order to show cause to compel inclusion of their claim in any restitution award. The Hanrahans also sought an order compelling the Albany County District Attorney to comply with a subpoena seeking production of materials and reports in the investigation of defendant's activities which might connect the activities in which they were defrauded with those upon which defendant was charged. The Hanrahans appeal County Court's order denying their application to share in the restitution fund and the court's refusal to enforce their subpoena request (130 Misc 2d 776).

The gravamen of this appeal is whether County Court properly determined that the Hanrahans are not within the class of beneficiaries entitled to a pro rata share from defendant's restitution fund. It is not disputed that the conviction from which the restitution fund was created arose from defendant's activities in a fictitious corporation denominated Inter-

national Insurance Group, Ltd. (IIG).[1] As indicated in our earlier decision *(Matter of Hanrahan v Albany County Probation Dept., supra)*, only those individuals whose claims arose from dealings with defendant through IIG were allowed to present claims against the fund. The Hanrahans' fraud claims do not emanate from IIG, but from their dealings with another of defendant's businesses, Cash Management Company (CMC),[2] an entity separate and distinct from IIG. Nonetheless, the Hanrahans maintained that as the victims of an "offense that is part of the same criminal transaction", the second definitional category of "offense" set forth in Penal Law § 60.27 (4), they too are entitled to assert a claim against the fund. County Court rejected this claim, finding as a matter of law that restitution was authorized only upon a procedurally proper adjudication of a crime. Since the Hanrahans' claims against CMC were never the subject of a criminal prosecution, County Court dismissed the instant claims as legally unauthorized.

In 1980, the Legislature expanded the potential application of restitution to all sentencing situations by adding Penal Law § 60.27 (L 1980, ch 290, § 1; *see, People v Fuller,* 57 NY2d 152, 154-155; Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.27 [1987 Supp Pamph], at 112). In so doing, the Legislature further extended the permissible scope of restitution by providing an expanded definition of "offense" in Penal Law § 60.27 (4).[3] The novel

---

1. Through IIG, defendant defrauded at least 19 persons by inducing payment of money as premiums for insurance policies. In reality, no insurance company existed and no valid policies were ever issued; defendant merely converted the money to his own use. The restitution fund of $120,000 was to be allocated among the 19 victims. We note that the record does not indicate whether County Court attempted to trace and determine which of defendant's funds were the fruits of the IIG convictions *(cf.,* Penal Law § 60.27 [2]; *People v Winograd,* 68 NY2d 383, 395-396).

2. The alleged business of CMC was an investment club to invest participants' money in depository accounts, money market funds and certificates of deposit, and to manage such investments. Evelyn Hanrahan gave defendant $6,000 and Lynda Hanrahan gave him $7,039.86.

3. Penal Law § 60.27 provides, in pertinent part, as follows:

"1. In addition to any of the dispositions authorized by this article, the court shall consider restitution to the victim of the crime and may require restitution *as part of the sentence imposed upon a person convicted of an offense* * * *

"4. For purposes of the imposition, determination and collection of restitution or reparation, as provided in this chapter, the term 'offense' shall include the offense for which a defendant was convicted, as well as any

issue that confronts us on this appeal is the scope of the second definitional category of "offense", i.e., "any other *offense* that is part of the same criminal transaction" (Penal Law § 60.27 [4]; emphasis supplied). As observed in the accompanying commentary, this second category poses an interpretative problem for it "[leaves] unclear whether it is required that such offense even be charged in the accusatory instrument" (Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.27 [1987 Supp Pamph], at 112). There is no question that the CMC claims were not included in the IIG indictment. The issue thus distills to whether "offense" as defined in the second category is limited to matters actually charged in an accusatory instrument. As indicated, County Court determined that since the CMC activities were never formally adjudicated as criminal, such activities did not constitute an "offense" within the meaning of this provision. We reach a different conclusion.

In construing Penal Law § 60.27 (4), both the language utilized and statutory purpose must be considered in determining the over-all intended effect *(see, People v Hall-Wilson,* 69 NY2d 154, 157; *Ferres v City of New Rochelle,* 68 NY2d 446, 451). In our view, County Court's construction of "offense" conflicts with both the language and purpose of the statute. This statute was clearly designed to expand the remedies available to the victims of crime other than the subject(s) of the actual conviction. In effect, County Court denied the Hanrahans' application because they did not come within the first definitional category, i.e., the victims of IIG transactions included in the indictment. The term, "offense", as defined, however, does not require a conviction *(see,* Penal Law § 10.00 [1]; CPL 40.10 [1]). Instead, the definitional focus is on conduct and not whether a formal charge has been placed. Moreover, the first and third definitional categories essentially provide an avenue of restitution for any victim whose complaint has been reduced to a formal charge. To impose a similar limitation on the second "offense" category would essentially render this category meaningless, a construction clearly to be avoided *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 98; *see also, Grich v Wood & Hyde Leather Co.,* 74 AD2d 183, 184).

---

other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense."

Finally, the Hanrahans should not be excluded from the restitution fund simply because the prosecution opted not to seek an indictment on defendant's CMC activities. The determination of whether and what charges on which to pursue an indictment rests solely with the prosecutor *(People v Di Falco,* 44 NY2d 482; *see People ex rel. Doe v Beaudoin,* 102 AD2d 359, 365).* As our earlier decision indicates, defendant's business activities in a number of corporate enterprises were the subject of both State and Federal investigations *(Matter of Hanrahan v Albany County Probation Dept.,* 119 AD2d 334, 335, *supra).* The prosecution opted to focus the indictment on just one corporate enterprise, IIG. This practical determination should not have the unintended side effect of excluding from the restitution fund the victims whose complaints were not included within the terms of the indictment. Indeed, to accept County Court's narrow construction not only excludes the Hanrahans, but would work the exclusion of any IIG victim who was not included within the scope of the indictment. This conclusion is certainly at odds with both the statutory purpose and language of the second definitional category, particularly in view of the fact that all of defendant's assets have apparently gone into the restitution fund. Accordingly, for purposes of the second definitional category in Penal Law § 60.27 (4), we find that the term "offense" is not limited to transactions that comprise an actual criminal charge, but extends to any illegal conduct that constitutes part of the same criminal transaction. It follows that while the Hanrahans' fraud claims against defendant emanate from dealings with CMC that have never been formally adjudicated as criminal, this fact alone does not exclude their claims as a matter of law.

Having so determined, the matter must be remitted to County Court so as to afford that court an opportunity to determine whether the Hanrahans' claims against CMC constitute part of the same criminal transaction underlying defendant's convictions.

Mahoney, P. J., Kane, Casey and Levine, JJ., concur.

Order reversed, on the law, without costs, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith.