■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACOB, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered August 16, 1984, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing (Baker, J.), of those branches of the defendant's omnibus motion which were to suppress certain evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, we find that the record contains sufficient credible evidence to support the hearing court's determination that the warrantless entry by police on the premises in question was effected with the consent of the codefendant *(see, e.g., People v Michelsson,* 105 AD2d 852). Similarly, the record amply sustains the court's finding that the lineup from which the defendant was identified was nonsuggestive and, in any event, there was an independent source for any potential in-court identification of the defendant by the eyewitnesses. Hence, we discern no basis

for disturbing these conclusions *(see, e.g., People v Gairy,* 116 AD2d 733, *appeal denied* 67 NY2d 942; *People v McMickel,* 105 AD2d 851).

Additionally, the defendant's claim that his motion to represent himself at trial was erroneously denied is not properly before us due to his withdrawal of a renewed motion to proceed *pro se* and his voluntary and knowing decision to enter a guilty plea and to thereby waive his right to a trial. We note in this regard that the defendant has at no point contended that he pleaded guilty because his original motion to proceed *pro se* at the impending trial was denied, and such a contention would in any event be negated by his withdrawal of his renewed motion for the same relief prior to his plea of guilty.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.