■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PALELLA, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 26, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the first degree.

In October 1987, a 32-count indictment charged Debbie Phillips and several accomplices with a series of crimes involving the theft of money from Travelers Insurance Company by filing fraudulent insurance claims. The fifth and sixth counts of the indictment charged defendant Phillips, and Suzanne Cox with grand larceny in the second degree, and criminal possession of stolen property in the first degree in connection with the theft and possession of $15,000 in September and October 1985. Defendant entered a plea of guilty to criminal possession of stolen property in the first degree in accordance with a plea bargain, was sentenced to an indeterminate prison term of 1½ to 4½ years, and was directed to pay restitution in the amount of $40,000. Defendant appeals, claiming that the amount of restitution was excessive.

We affirm. At the time of defendant's plea, County Court indicated that defendant would be required to make restitution for any moneys that he wrongfully received, in an amount agreed upon between the parties or, in the absence of agreement, fixed by County Court after a hearing. At the time of sentencing, defendant's attorney stated for the record, "With respect to the amount of restitution, your Honor, the defendant has agreed and we have reached agreement with the People that $40,000 is an acceptable amount." Contrary to defendant's assertion, because the amount of restitution was fixed by agreement a hearing was not necessary (see, Penal Law § 60.27 [2]; *People v Raffiani*, 83 AD2d 650).

We also reject defendant's contention that the amount of restitution impermissibly exceeded the gain from his crimes. Defendant acknowledged that he benefited not only from the crimes charged in the indictment, but that he was "involved

in certain diverse other transactions similar to this". Moreover, he entered his plea of guilty in full satisfaction of the indictment and, in addition, "any charges that could arise under the investigation from which [the counts against defendant] arose". The term "offense" in Penal Law § 60.27 (4) includes any illegal conduct, charged or uncharged, that constitutes part of the same criminal transaction as the crime for which defendant was convicted (*People v Prewett*, 126 AD2d 86, 90, *lv dismissed* 70 NY2d 693). There is no indication that defendant did not benefit by all of his related crimes to the extent of $40,000 or more, and the plea and sentence were bargained for and assented to by defendant. Thus we cannot say that County Court abused its discretion in fixing the amount of restitution at $40,000 (*see, People v Joeger*, 111 AD2d 944; *People v Saez*, 81 AD2d 841).

Judgment affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.