■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY E. BOHART, III, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Crew, III, J.), rendered November 19, 1986, in Chemung County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

On October 15, 1986, defendant waived his right to all pretrial procedures and entered a plea of guilty to the first count of the indictment, charging assault in the first degree, in full satisfaction thereof. The indictment contained an additional charge of reckless endangerment. On November 19, 1986, defendant was sentenced to an indeterminate prison term of 6 to 12 years and, in addition, was ordered to make restitution in the amount of $4,225 to the victim of the crime.

Defendant claims on this appeal that the restitution order was imposed after an off-the-record discussion with the probation officer only, and without compliance with Penal Law § 60.27 (2) and CPL 400.30. The prosecution contends that defendant waived his rights under those two statutes by failing to challenge or contest the order of restitution at the time of sentence and by failing to attack the order in a CPL 440.20 motion.

The amount of restitution was calculated by Supreme Court after an off-the-record discussion with the probation officer,

and was based upon the victim's loss of 91 working days at an annual salary of $11,050 and damage to his vehicle. We find this method of calculation legally insufficient to support the determination of the amount of restitution, notwithstanding the purported waiver of the hearing by defendant's failure to request it (see, People v Dixon, 134 AD2d 877; People v Miller, 133 AD2d 784, lv denied 70 NY2d 934). Therefore, the judgment appealed from should be modified by vacating the order of restitution, and the matter remitted for a hearing on the proper amount of restitution and the manner of payment.

Judgment modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.