■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY D. ASHLEY, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 27, 1989, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was indicted for two counts of robbery in the second degree. In a negotiated plea, he pleaded guilty to only one count of the robbery charges. The plea was conditioned on County Court not imposing a sentence of imprisonment of more than 1½ to 4½ years. Thereafter, defendant moved to withdraw his plea of guilty on the ground that his counsel had indicated to him that although the People would recommend imprisonment in a State prison, there was a possibility that he would receive a local jail sentence. The request was denied. County Court found that defendant was fully advised of the consequences of his plea, his counsel's statement notwithstanding. Defendant was then sentenced to an indeterminate term of imprisonment of 1½ to 4½ years. In addition, defendant was ordered to pay $1,530.71, representing one half of the damage to the victims of the crime. County Court further held that if his codefendant was not ordered to make restitution, defendant was to pay the full amount.

On this appeal, defendant challenges County Court's denial of his request to withdraw his plea of guilty and its order requiring defendant to make restitution. As to the former, the alleged erroneous advice of counsel was not material to the decision to plead guilty. The advice of defendant's counsel was couched only in terms of a possibility. It was not a statement on which defendant relied in pleading guilty. We conclude, therefore, that defendant was fully aware that the only commitment with regard to his sentence was that stated by County Court. There was therefore no abuse of discretion in the court's denial of the application to withdraw the plea of guilty on the grounds of mistake.

Defendant further contends that County Court failed to conform to Penal Law § 60.27 in requiring defendant to make restitution in the sum of $1,530.71, representing one half of the damages or, alternatively, full damages if his codefendant was not ordered to make restitution. We concur. In requiring restitution or reparation, a court is to make a finding as to the fruits of the offense or the loss or damage caused by the offense (see, Penal Law § 60.27 [2]). A hearing must be conducted if a defendant requests one or if the record is insufficient. The People have the burden of proof on the question of restitution (see, CPL 400.30 [4]). The record in this case was insufficient to support a finding as to the amount of loss caused by the offense. Defendant was convicted on a plea of guilty so that there was not the benefit of testimony to establish the losses. County Court relied on amounts included in the probation report which consisted merely of statements

of losses from the victims of the crime, unsubstantiated by appropriate bills, estimates or proofs of loss. This was not a sufficient basis upon which to order restitution without a hearing (see, People v Asch, 155 AD2d 735; People v Bohart, 153 AD2d 963).

Additionally, it should be noted that defendant's failure to demand a hearing did not constitute a forfeiture of his right of review (see, People v Miller, 133 AD2d 784, lv denied 70 NY2d 934). County Court's failure to follow the mandate of Penal Law § 60.27 (2) denied defendant the right to be sentenced as provided by law (see, People v Clougher, 95 AD2d 860). The judgment appealed from should therefore be modified by vacating the order of restitution, and the matter remitted for a hearing on the proper amount of restitution and payment.

Judgment modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.