■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLENE BUZA, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered March 2, 1989, convicting defendant upon her plea of guilty of the crime of offering a false instrument for filing in the first degree.

The Office of Court Administration conducted an audit of the financial records of the County Court of Broome County relating to the collection, deposit and distribution of fees paid for pistol permits for the period August 1, 1983 through July 31, 1986. The auditors concluded that during the period of defendant's employment as pistol permit clerk for Broome County, $8,432 in pistol permit fees were not deposited into the pistol permit checking account and were not otherwise used for court-related purposes. As a result of negotiations between the Broome County District Attorney and defendant's attorney*, defendant entered a plea of guilty to a superior court information charging the class E felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35. The information alleged that defendant, knowing that a particular pistol license contained a false statement or false information, offered the same for filing with intent to defraud the State or a political subdivision thereof. At the time of the plea, defendant acknowledged that she had forwarded the subject application for the approval of the Broome County Judge, falsely indicating that processing had been completed when, in fact, the application had not been

---

* Because the record on appeal offers little insight into the circumstances leading up to defendant's plea of guilty, our recitation is based primarily upon the facts as stated in the parties' briefs.

approved by the appropriate police agency. Defendant was thereafter sentenced to an intermittent one-year jail sentence and ordered to pay restitution in the amount of $8,432, and now appeals.

Defendant first contends that the plea allocution was insufficient to support her conviction since she did not admit acts forming a basis for the element of intent to defraud the State or any political subdivision thereof (see, Penal Law § 175.35). We initially note that defendant failed to preserve this issue by moving to withdraw her guilty plea or to vacate her judgment of conviction (see, People v Smith, 146 AD2d 828, 829, lv denied 74 NY2d 669). Moreover, although it is true that defendant did not admit and, in fact, consistently denied taking any money, it is not "only instruments from which flow pecuniary or potential pecuniary loss to the State or political subdivisions thereof [which] fall within the prohibition of [Penal Law § 175.35]" (People v Kase, 76 AD2d 532, 537, affd 53 NY2d 989). Rather, it is sufficient that the State's " 'legitimate official action and purpose shall be defeated by misrepresentation, chicane or the overreaching of those charged with carrying out the governmental intention' " (supra, at 537, quoting Hammerschmidt v United States, 265 US 182, 188). Since defendant's acknowledged acts created an unacceptable risk that a pistol permit would be issued to a convicted felon or other unacceptable candidate, the plea allocution was sufficient.

We do agree, however, with defendant's contention that County Court failed to comply with the requirements of Penal Law § 60.27 in ordering restitution. The record is insufficient to support any finding as to the fruits of defendant's offense or the loss or damage caused by it (see, Penal Law § 60.27 [2]), and a hearing should have been conducted even in the absence of a request by defendant (see, People v Ashley, 162 AD2d 883; People v Bohart, 153 AD2d 963; People v Kade, 153 AD2d 907). Notably, the accusatory instrument did not allege monetary gain to defendant or damage to the State and, as noted, defendant has steadfastly denied taking any money. Further, although County Court apparently presumed otherwise, the record does not indicate that defendant's plea was offered or accepted in satisfaction of any other offenses, charged or uncharged, constituting part of the same criminal transaction (cf., People v Palella, 148 AD2d 838, 839, lv denied 74 NY2d 795).

As a final matter, defendant has demonstrated no extraordinary circumstances which would justify a reduction in the

sentence imposed *(see, People v Smith, supra; People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Judgment modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.