■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN M. MILLER, Appellant. [674 NYS2d 471] —Graffeo, J. Appeal from a judgment of the County Court of Columbia County (Lalor, J.), rendered June 26, 1995, convicting defendant upon her plea of guilty of the crimes of forgery in the second degree, criminal possession of a forged instrument in the second degree (five counts) and petit larceny (five counts).

Defendant was indicted on 11 counts involving forgery, criminal possession of a forged instrument and petit larceny, emanating from her alleged forgery of five checks drawn on a neighbor's bank account and the unauthorized completion of a US Postal Service change of address form. Defendant entered a plea of guilty to all charges in full satisfaction of the indictment, certain uncharged crimes and a violation of probation. Additionally, defendant agreed to pay $1,431.04 in restitution for the indicted offenses and $7,136.70 in relation to certain uncharged crimes. County Court sentenced defendant as a second felony offender to indeterminate terms of incarceration of 2 to 4 years on the felony counts and a definite term of one year for the misdemeanors, all to run concurrently. Defendant seeks to invalidate the sentence for noncompliance with CPL 400.21 pertaining to her status as a predicate felon.

Strict compliance with CPL 400.21 is unnecessary where the

record demonstrates that the statutory purposes for filing a predicate statement have been fulfilled (see, People v Bouyea, 64 NY2d 1140; People v Harris, 61 NY2d 9). Here, it is undisputed that the prosecution failed to file a second felony offender statement. Although a violation of probation was an element of the plea agreement, the record is devoid of any manifestation that defendant was provided with reasonable notice of the specific prior felony conviction and an opportunity to be heard to controvert its existence or legitimacy (see, People v Bigio, 124 AD2d 907; People v King, 114 AD2d 650, lv denied 67 NY2d 653; compare, People v Williams, 152 AD2d 861, lv denied 74 NY2d 900). In the absence of defendant's acknowledgment and confirmation of a prior felony or procedural compliance with CPL 400.21, this matter must be remitted for resentencing.

Defendant also challenges that portion of the sentence directing her to pay $7,136.40 in restitution for certain uncharged crimes. The People contend that the restitution was in relation to a violation of probation and was, therefore, appropriate pursuant to CPL 410.70 (5). Defendant asserts that the restitution was improper as the crimes were not charged in an accusatory instrument. The record clearly reveals that the $7,136.40 in restitution was intended to compensate for uncharged crimes rather than the crimes charged in the indictment. Despite defendant's consent to restitution during the plea allocution, the record is insufficient to determine whether the restitution satisfied the requirements of Penal Law § 60.27 (4) (a) (see, e.g., People v Buza, 166 AD2d 774; People v Palella, 148 AD2d 838, 839, lv denied 74 NY2d 795). Therefore, the order of restitution is vacated and the matter remitted to County Court for reconsideration and resentencing consistent with Penal Law § 60.27.

Finally, the People have failed to demonstrate that this appeal is moot. This Court's affirmation of defendant's subsequent sentencing as a second felony offender in an unrelated matter (see, People v Miller, 247 AD2d 674) is only binding upon defendant in future criminal proceedings pursuant to CPL 400.21 (8).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Columbia County for resentencing in accordance with CPL 400.21 and Penal Law § 60.27; and, as so modified, affirmed.