■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMANUEL CASIANO, Appellant. [779 NYS2d 259]—

Spain, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 13, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Defendant was charged with criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the fifth degree in connection with his possession and negotiation of two forged checks in the amounts of $90 and $374.54 at two branches of a local bank. Defendant waived indictment and pleaded guilty to criminal possession of a forged instrument in the second degree in full satisfaction of these charges, as well as other potential charges stemming from defendant's involvement in a burglary at the law offices of Nicholas Morsillo from which the checks were obtained, but for which no accusatory instrument was apparently ever filed. As part of the plea agreement, defendant agreed to pay restitution to the victims and to be sentenced to 2 to 6 years in prison. He also executed a written waiver of the right to appeal which specifically included "any award of restitution directed by the Court." County Court sentenced defendant to the agreed-upon

prison term and, in accordance with a separate agreement between the parties reached after the plea but prior to sentencing, ordered him to pay restitution in the amount of $1,114.54, consisting of $140 to the bank, $374.54 jointly to the owner of the account on which the checks were drawn and to Morsillo, whose name defendant forged as the owner's attorney-in-fact, and $600 to Morsillo individually for property damage.

Defendant's sole contention on appeal is that County Court exceeded the authority granted to it under Penal Law § 60.27 by including in the restitution figure the $600 to Morsillo for property damages and an additional $50 to the bank because such amounts were neither attributable to the offense to which he pleaded guilty nor part of the same criminal transaction. Although defendant's waiver of appeal forecloses consideration of his objection to the amount of restitution ordered for those crimes related to his plea, he is not precluded from arguing that a portion of the restitution award was not authorized by law, inasmuch as an objection to the legality of a sentence may not be waived (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v LaValley*, 272 AD2d 786, 786 [2000]; *People v Watson*, 197 AD2d 880, 880-881 [1993]). Likewise, defendant's consent—and corresponding failure to object—to the amount of restitution imposed do not bar him from now arguing that the sentence was illegal (*see People v Miller*, 251 AD2d 747, 748 [1998]).

Penal Law § 60.27 (1) authorizes a court as part of sentencing to "require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby." Penal Law § 60.27 (4) (a) provides that, for purposes of ordering restitution, the "offense" shall "include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense." It is undisputed that defendant's plea was in full satisfaction of both his forgery of checks stolen from Morsillo's law offices as well as other potential charges stemming from that alleged burglary. This, and defendant's concession prior to sentencing to the amount of restitution imposed, suggests that the additional $50 check for which defendant was held accountable and Morsillo's property damage may have been related to the aforesaid burglary. The record, however, is devoid of any actual evidence supporting that conclusion. Accordingly, because we cannot ascertain on this record whether the restitution imposed satisfied the requirements of Penal Law § 60.27 (4) (a), the order of restitution—insofar as it relates to the challenged $650—must

be vacated and the matter remitted to County Court for reconsideration and resentencing in accordance with Penal Law § 60.27 (*see People v Miller, supra* at 748; *People v Buza,* 166 AD2d 774, 775-776 [1990]).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating so much thereof as ordered restitution in the amount of $600 to Nicholas Morsillo individually and $50 to the bank; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.