■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
STEPHEN D. PUMP, Appellant. [889 NYS2d 105]—

Kane, J. Appeal from a judgment of the County Court of St.
Lawrence County (Richards, J.), rendered January 22, 2008,
convicting defendant upon his plea of guilty of the crime of
criminal possession of a weapon in the second degree.

After defendant shot his girlfriend, he was charged by indict-
ment with attempted murder in the second degree, assault in
the first degree and criminal possession of a weapon in the
second degree. Although defendant repeatedly expressed his dis-
satisfaction with assigned counsel, County Court found no rea-
son to relieve counsel. With counsel's advice, defendant pleaded
guilty to criminal possession of a weapon in the second degree
in satisfaction of not only the indictment, but two unrelated
pending charges as well. As part of the plea bargain, defendant
waived his right to appeal and agreed to pay restitution. The
court sentenced defendant to the agreed-upon term of eight
years in prison, followed by three years of postrelease supervi-
sion, and ordered him to pay $19,884.85 as restitution. On
defendant's appeal, we affirm.

Defendant validly waived his right to appeal. The record
substantiates—through County Court's admonitions and the
written waiver of appeal—the knowing, intelligent and volun-
tary character of defendant's waiver (*see People v Lopez*, 6 NY3d
248, 256 [2006]; *People v Leonard*, 63 AD3d 1278, 1279 [2009];
*People v Tabbott*, 61 AD3d 1183, 1184 [2009]). Based on the
valid waiver, defendant has given up his right to raise most is-
sues on appeal (*see People v Hansen*, 95 NY2d 227, 230 [2000];
*see also People v Muniz*, 91 NY2d 570, 574 [1998]), including
any challenge to County Court's suppression ruling (*see People
v Martin*, 16 AD3d 767, 767-768 [2005]) and denial of his request
for substitution of counsel (*see People v Williams*, 6 AD3d 746,
747 [2004], *lv denied* 3 NY3d 650 [2004]). These issues did not
affect the voluntariness of his plea, and during the plea colloquy
defendant informed the court that he was satisfied with
counsel's services (*see id.*). As relevant here, the only issues
that survive the valid waiver of appeal are those that implicate
the knowing or voluntary nature of the plea itself and defen-
dant's argument concerning restitution (*see People v Francaban-
dera*, 33 NY2d 429, 434 n 2 [1974]).

Defendant knowingly, intelligently and voluntarily entered
his plea. Although this issue survives a waiver of the right to
appeal, defendant failed to preserve the issue by moving to

withdraw his plea or vacate the judgment on this ground, and the narrow exception to the preservation rule is inapplicable here (*see People v Dixon*, 62 AD3d 1214, 1214 [2009]). In any event, under all of the circumstances, including County Court's colloquy with defendant informing him of the various rights he was giving up by pleading guilty, the plea was fully informed and voluntary (*see People v Newcomb*, 45 AD3d 890, 892 [2007]).

Defendant also contends that County Court erred in denying his request to proceed pro se. This argument is foreclosed by his valid waiver of appeal, except to the extent that it affected the voluntary nature of his plea (*see People v Shields*, 205 AD2d 833, 834 [1994]). As a review of the record does not establish that the court's denial of defendant's motion to proceed pro se rendered his plea involuntary, such a contention must rely upon information outside the record. Defendant failed to preserve this argument by providing such information through a motion to withdraw his plea or vacate his judgment of conviction (*cf. People v Dixon*, 62 AD3d at 1214; *People v Jacob*, 129 AD2d 650, 651 [1987], *lv denied* 70 NY2d 800 [1987]).

County Court did not err in fixing the amount of restitution. Defendant's waiver of the right to appeal does not foreclose his argument that the restitution portion of the sentence was illegal (*see People v Casiano*, 8 AD3d 761, 762 [2004]). While Penal Law § 60.27 (5) (a) limits restitution to no more than $15,000, Penal Law § 60.27 (5) (b) permits restitution to exceed $15,000 so long as the amount in excess is limited to certain categories of expenses, including reimbursement for medical expenses actually incurred by the victim. As the majority of the $19,884.85 ordered here constituted reimbursement for the victim's medical expenses, the court-imposed restitution is in accordance with the law.

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.