■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA E. SKERRITT, Appellant. [8 NYS3d 709]—

Devine, J. Appeal from a judgment of the County Court of Greene County (Tailleur, J.), rendered July 12, 2013, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.

Defendant was charged in an indictment with one count of burglary in the second degree, arising out of a February 1, 2012 incident wherein she and an accomplice broke into a residence with larcenous intent. She pleaded guilty as charged and waived her right to appeal upon the understanding that, while she would not be prosecuted for any additional burglaries that she admitted to committing, she would be obliged to pay any restitution owed as a result of them. Defendant thereafter entered into a stipulation that did not require restitution for the offense that she had pleaded guilty to, but did commit her to pay restitution for two additional burglaries. County Court sentenced her to a prison term of five years to be followed by postrelease supervision of five years, and ordered her to pay

restitution in the amount of $30,467.48. Defendant now appeals, asserting that the award of restitution was illegal.

Initially, defendant is challenging the legality of a component of her sentence, an argument that is not barred by either her consent to the amount of restitution imposed or her appeal waiver (*see People v Pump*, 67 AD3d 1041, 1042 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Casiano*, 8 AD3d 761, 762 [2004]). As to the merits, Penal Law § 60.27 permits a trial court to require restitution arising from "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]; *see People v Horne*, 97 NY2d 404, 412 [2002]; *People v Diallo*, 88 AD3d 1152, 1154 [2011], *lv denied* 18 NY3d 993 [2012]). The sole accusatory instrument here was the one-count indictment to which defendant pleaded guilty, and there is no dispute that restitution was ordered for crimes bearing no connection to the burglary for which defendant was convicted (*compare People v Palella*, 148 AD2d 838, 838-839 [1989], *lv denied* 74 NY2d 795 [1989]; *People v Prewett*, 126 AD2d 86, 89-90 [1987], *lv dismissed* 70 NY2d 693 [1987]). The People thus concede, and we agree, that the restitution portion of defendant's sentence must be vacated (*see People v Casiano*, 8 AD3d at 762-763; *People v Miller*, 251 AD2d 747, 748 [1998]). Inasmuch as the parties are in agreement that further proceedings are unnecessary, we perceive no need to remit this matter to County Court (*see* CPL 470.20; *People v LaSalle*, 95 NY2d 827, 829 [2000]; *cf. People v Casiano*, 8 AD3d at 762-763).

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to pay restitution in the amount of $30,467.48, and, as so modified, affirmed.