■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH P. CREDIDIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 16, 1987, convicting him of criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence of five years' probation to run concurrent with 60 days in prison, and restitution at $4,809. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress the physical evidence.

Ordered that the judgment is modified, on the law, by vacating the provision of the sentence which requires the defendant to make restitution of $4,809; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a finding as to the fruits of the offense as required by Penal Law § 60.27, a new determi-

nation of the amount of restitution required and the manner of payment, and further proceedings pursuant to CPL 460.50 (5).

Approximately 11:00 A.M. on March 5, 1986, Detectives Joseph Vignato and James Joyce went to A & A Auto Salvage in Huntington Station to inspect the vehicle dismantler book. The defendant, who was managing the business for his brother, indicated that the book was not on the premises but could be retrieved the following day. Detective Vignato informed the defendant that he was in violation of the law, and then asked him if he would mind if he and his partner went into the junkyard and "checked and recorded a few Vin numbers". The defendant answered that it would be okay. The detectives recorded many VIN numbers affixed to automobile parts located in the yard. Upon checking those numbers with the precinct computer, they discovered that four parts were from automobiles which had been reported stolen.

The hearing court denied that branch of the defendant's omnibus motion which was to suppress the automobile parts, concluding that the defendant's consent to the inspection was voluntarily given.

On appeal the defendant contends that his consent was not freely and voluntarily given but rather constituted submission to authority. The record does not support defendant's claim.

Whether consent was voluntary must be determined from the totality of the circumstances (Schneckloth v Bustamonte, 412 US 218). In the case at bar, the defendant was not in custody at the time he gave his consent. The detectives had not drawn their weapons and the defendant himself testified that he was cooperative. The discussion took place in the defendant's place of employment, a familiar and nonintimidating environment. The defendant was not a novice in dealing with police in general, and junkyard inspectors in particular, having worked in junkyards in Louisiana and New York. Under these circumstances, we agree with the hearing court's conclusion that the defendant's consent was not coerced but was voluntary (see, People v Gonzalez, 39 NY2d 122; People v Zimmerman, 101 AD2d 294).

At the time of sentence and as a condition thereof, the court required defendant to pay restitution in an amount and manner fixed by the Probation Department in the presentence report. The Probation Department apparently based the amount of restitution solely on the victims' statements set forth in the victims' impact statement used by the Probation Department.

Penal Law § 60.27 (2) provides that when the court requires restitution to be made it must make a finding as to the fruits of the offense. Further, if the record does not contain sufficient evidence to support such finding, Penal Law § 60.27 mandates a hearing upon the issue. Although the sentencing court may adopt the recommendations of the Probation Department as its findings, the evidence upon which its determination is based as well as appropriate allowances for offsets or other factors which could properly reduce the total amount must be on the record (see, People v Fuller, 57 NY2d 152; People v Julye, 64 AD2d 614; People v Thigpen, 60 AD2d 860).

Apart from the statements of the victims, the record contains no evidence to support the Probation Department's assessment of damages caused by the offense. Moreover, there is no evidence that in fixing the amount and manner of payment, the Probation Department considered the defendant's financial situation, as required by Penal Law § 65.10 (2) (g) (People v Fuller, supra). As it is the responsibility of the sentencing court to implement the statutes applicable to restitution, the restitution provision of the sentence is vacated and the matter is remitted to the Supreme Court for further proceedings in accordance with Penal Law §§ 60.27 and 65.10. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.