■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLENE BAKER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 31, 1988, convicting defendant upon her plea of guilty of the crime of grand larceny in the fourth degree.

As a result of a negotiated plea bargain, defendant pleaded guilty to a lesser charge of grand larceny in the fourth degree in full satisfaction of an indictment charging her with crimes involving welfare fraud. At the time of the plea, defendant agreed to serve a definite sentence and make restitution in the amount of $22,168. Defendant and her counsel acquiesced to these terms. Therefore, at sentencing, County Court imposed a 90-day split sentence of imprisonment and ordered restitution in the amount of $22,168 with the payment schedule to be set by the Probation Department. On appeal, defendant alleges that County Court improperly imposed the sentence of restitution since it failed to make the requisite findings of fact relative to the amount of restitution. Here, the only information supplied to the court at sentencing as to restitution was a presentence probation report which indicated that defendant stole an estimated $22,168 in cash assistance and food stamps by falsely reporting her income. No other information was supplied as to the manner in which the extent of defendant's defalcation was calculated.

Initially, we note that, although defendant raised no objection at sentencing as to the manner in which restitution was imposed and the amount of such restitution, this claim can be raised for the first time on appeal *(People v Fuller,* 57 NY2d 152, 156). The District Attorney concurs with defendant's request for a restitution hearing as required by Penal Law § 60.27 (2). This court has recently dealt with this issue, holding that when restitution is ordered, the record must contain sufficient evidence to support such an order *(see, People v Asch,* 155 AD2d 735). County Court exceeded the statutory limit on its discretion when it delegated the power to fix terms and conditions of the sentence to the Probation Department *(see, People v Fuller, supra).*

Judgment modified, on the law, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.