■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HORTON, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Nassau County (Santagata, J.), rendered January 31, 1989, convicting him of attempted criminal sale of a controlled substance in the third degree and assault in the second degree, upon his plea of guilty, and imposing sentence of two concurrent terms of five years probation, two terms of six months imprisonment to run concurrent with and as a condition of the terms of probation, and restitution in the amount of $1,087.16, and (2) an amended judgment of the same court, rendered August 8, 1989, revoking the sentence of probation previously imposed by the same court, upon his admission that he had violated a condition thereof, and imposing two concurrent indeterminate terms of two to six years imprisonment, and restitution in the amount of $1,087.16.

Ordered that the judgment and the amended judgment are modified, on the law and as a matter of discretion in the interest of justice, by deleting the provisions thereof directing the defendant to make restitution in the amount of $1,087.16; as so modified, the judgment and amended judgment are affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

In ordering restitution, a court may use the Probation Department as a preliminary fact finder, but "in the last analysis it is for the court alone to impose the sentence and to fix the amount of restitution and the manner of performance" *(People v Bowden,* 131 AD2d 581, 582; *see also, People v Fuller,* 57 NY2d 152; *People v Gudat,* 155 AD2d 554). Here, by allowing the probation report to be dispositive of the proper measure of restitution and failing to make an independent judicial finding as to the loss, the trial court erred *(see,* Penal Law § 60.27 [2]). Furthermore, the court also erred in failing to inquire whether the defendant had the means to pay the amount in issue *(see, People v Barnes,* 135 AD2d 825). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.