■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY MONETTE, Appellant. [604 NYS2d 333] —Crew III, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 20, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant asserts that County Court failed to conform to Penal Law § 60.27 in requiring defendant to make restitution. We agree. County Court simply accepted the amounts of damage contained in the probation report, which were based upon statements made to the probation officer by the victim and a representative of the insurance carrier that paid the victim for her loss, less a deductible amount. While the probation officer apparently had access to proofs of loss, the record does not reflect that County Court was privy to such material and the court made no finding as to the loss or damage caused by the offense (see, People v Ashley, 162 AD2d 883, lv denied 76 NY2d 852; see also, Penal Law § 60.27 [2]). Additionally, there is no evidence that defendant's financial situation was considered in determining restitution (see, People v Robinson, 174 AD2d 779). Accordingly, remittal is required for a hearing to determine the amount of damage or loss, defendant's financial condition, the appropriate amount of restitution and a payment schedule (see, People v Landes, 192 AD2d 1, 6).

Weiss, P. J., Yesawich Jr., White and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of the sentence which directed restitution; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.