■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CARPENTER, Appellant. [623 NYS2d 361] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered February 26, 1993, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

On January 1, 1992, defendant shot and killed Eugene Holmes in the City of Schenectady, Schenectady County. During the course of the ensuing investigation, members of the Schenectady Police Department obtained a sworn statement from Jessica Drumgold in which she stated that defendant is from New York City and lives at the Cypress Hills housing project in Brooklyn. She stated that when defendant comes to Schenectady, he lives in a house on Paige Street where he deals "crack". She further stated that about two weeks prior to Christmas 1991, defendant came to her house to use the bathroom facilities and on that occasion told her that he had just purchased a nine-millimeter handgun, which he referred to as his "biscuit". Drumgold also stated that on the day of the murder, she heard two shots, looked out her window and observed Raymond Gowins, the father of her children, and defendant running from the area where the shooting took place toward her apartment. Finally, she stated that Gowins entered her apartment and said that "Slick" (defendant) had just "smoked" somebody, meaning he had just killed someone. Based upon the aforesaid affidavit, the police obtained a search warrant authorizing a search of defendant's

Paige Street premises for a handgun and cocaine. As a result of the search the police seized 371 plastic bags, each containing a rock-like white substances which tested positive for cocaine, but found no gun.

On February 8, 1992, defendant was indicted and charged with two counts of murder in the second degree in connection with the shooting of Holmes, single counts of criminal possession of a controlled substance in the second and third degrees in connection with the cocaine seized from his residence, three counts of criminal sale of a controlled substance in the third degree, and single counts of criminal possession of a weapon in the second and third degrees. Following the denial by County Court (Harrigan, J.) of that branch of defendant's omnibus motion to suppress the evidence seized from his residence, defendant pleaded guilty to one count of murder in the second degree in satisfaction of the indictment and was sentenced to an agreed-upon prison sentence of 20 years to life.

On this appeal, defendant contends that County Court erred in denying his motion to suppress. We agree. While it is true, as contended by the People, that a sworn statement of a "citizen informer" does not require extrinsic evidence of the informer's reliability (see, People v Hicks, 38 NY2d 90, 94), here the affidavit of Drumgold is wholly conclusory and does not recount her personal observations or any other basis for her assertion that defendant deals crack from his Paige Street residence (compare, People v Santarelli, 148 AD2d 775). In short, there is nothing in her affidavit which would lead a reasonable person to conclude that it was more probable than not that cocaine would be found at defendant's premises at the time the application was made (see, People v Lalli, 43 NY2d 729). We are also of the view that Drumgold's affidavit does not provide probable cause for the search for the handgun, and the resultant seizure of the cocaine cannot, therefore, be justified under the alternative basis of the "plain view" doctrine as asserted by County Court (compare, People v Di Stefano, 38 NY2d 640, 648-649).

Inasmuch as the People did not obtain from defendant a concession that denial of his suppression motion did not influence his decision to plead guilty, nor a waiver of his right to appeal that denial, we are not in a position to determine whether such denial played any part in his decision to plead guilty (see, People v Coles, 62 NY2d 908, 910). We note that a conviction on the third count of the indictment (charging criminal possession of a controlled substance in the second

degree) would have subjected defendant to the potential of consecutive sentences and mention was made of that fact by defense counsel during plea discussions. Because it is possible that this factor influenced defendant in his decision to plead guilty, the judgment must be reversed.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, motion to suppress granted and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.