■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIA DOMINIQUE, Appellant. [645 NYS2d 625] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 31, 1994, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree.

Defendant and codefendant William La Porte were indicted for burglary in the second degree, grand larceny in the third degree and grand larceny in the fourth degree as the result of a June 26, 1993 incident where, acting in concert, they broke into the residence of Rollin Stoddard and Shirley Stoddard in the Village of Massena, St. Lawrence County, and stole property including tattooing equipment and dyes, jewelry, and dollar and half-dollar coins. Following a joint jury trial, they were both convicted of burglary in the second degree and grand larceny in the third degree.* Defendant was sentenced as a second felony offender to concurrent prison terms aggregating 3 to 6 years and ordered to make restitution in the amount of $10,643. Defendant now appeals.

Initially, we reject the contention that County Court erred in refusing to suppress tangible property obtained when police officers executed a July 6, 1993 warrant for the search of the residence of defendant and La Porte. We are not persuaded that the search warrant was defective by virtue of the issuing court's failure to record or summarize the oral testimony of witnesses who appeared in support of the application, as required by CPL 690.40 (1). Testimony adduced at the *Mapp* hearing made it clear that the search warrant was issued on the basis of the supporting depositions of Hazel Hebert, Stacey La Porte, Mandy La Porte, Rollin Stoddard and Shirley Stoddard (*see,* CPL 690.35) and that the People produced the witnesses before the issuing court merely to supplement their evidentiary showing (*see,* CPL 690.40 [1]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 690.35, 690.40, at 451, 465). In view of the fact that the supporting depositions provided probable cause for the issuance of the search warrant (*see, People v McCulloch,* 226 AD2d 848; *cf.,*

---

* La Porte's conviction was affirmed by this Court in July 1995 (*People v La Porte,* 217 AD2d 821).

*People v Carpenter*, 213 AD2d 747, 748), we conclude that there was substantial compliance with the statutory requirements (*see, People v McGourty*, 188 AD2d 679, 681, *lv denied* 81 NY2d 843; *People v Lopez*, 134 AD2d 456, *lv denied* 70 NY2d 1008; *People v Peterson*, 47 AD2d 431).

Nor are we persuaded that suppression was mandated because defendant was not provided with an inventory of the items seized or because some of the seized property was outside the scope of the search warrant. Neither noncompliance with the ministerial requirement of CPL 690.50 (5) that the police file a written inventory "without unnecessary delay", nor the seizure of property outside the scope of the search warrant will invalidate a search warrant or the seizure effected thereunder (*see, Town of E. Hampton v Omabuild USA No. 1*, 215 AD2d 746, 748; *People v Morgan*, 162 AD2d 723; *People v Nelson*, 144 AD2d 714, 716, *lv denied* 73 NY2d 894; *People v Davis*, 93 AD2d 970, 971). In addition, judged "from the standpoint of common sense" (*People v Nieves*, 36 NY2d 396, 401), we agree with County Court that the ink-stained tote bag and towel fell within the warrant's description of "tatooing [*sic*] equipment", that a silver ring constituted "jewelry consisting of 30-35 rings, gold, diamond rings and wedding bands", and that coin wrappers were sufficiently related to items of the warrant described as "red and green piggy banks with change".

We are also unpersuaded by defendant's claim of prejudice as a result of County Court's denial of her motion for severance (*see,* CPL 200.40 [1]; *People v Mahboubian*, 74 NY2d 174, 183-184), inasmuch as there was no substantial difference in the quantity and quality of evidence presented against defendant and codefendant (*see, People v Kindlon*, 217 AD2d 793, 795-796, *lv denied* 86 NY2d 844). For essentially the same reason, and in view of our determination on La Porte's appeal that the trial evidence satisfied both the legal sufficiency and weight of the evidence tests (*see, People v La Porte*, 217 AD2d 821, *supra*), we conclude that the evidence is legally sufficient to establish defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

There is merit, however, to the claim that County Court erred in ordering restitution of $10,643 absent a hearing to determine the proper amount and defendant's ability to pay it, an issue that is properly before us notwithstanding defendant's failure to request a hearing or object to the sentence (*see, People v Fuller*, 57 NY2d 152, 156; *People v Baker*, 156 AD2d 766,

767). In our view, the trial evidence was insufficient to support a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victims (*see*, Penal Law § 60.27 [2]; CPL 400.30 [4]; *People v Monette*, 199 AD2d 589; *People v Ashley*, 162 AD2d 883, 884, *lv denied* 76 NY2d 852), and no evidence was adduced concerning defendant's financial situation or the manner in which she should make restitution (*see*, *People v Monette, supra*; *People v Robinson*, 174 AD2d 779). Accordingly, we are required to remit the matter to County Court for a hearing.

Defendant's remaining contentions have been considered and found lacking in merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of the sentence that directed restitution; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.