THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO EMMI, Appellant. [679 NYS2d 484] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon a plea of guilty convicting him of grand larceny in the first degree (Penal Law § 155.42) and criminal diversion of prescription medications and prescriptions in the second degree (Penal Law § 178.20). By his guilty plea, defendant forfeited appellate review of his contention that the prosecutor made improper use of a proposed indictment in the Grand Jury (see, People v Di Raffaele, 55 NY2d 234, 240; People v Morgan, 209 AD2d 727, lv denied 85 NY2d 912; People v Nelson, 173 AD2d 205, lv denied 78 NY2d 956). In any event, CPL article 190 does not prohibit the prosecutor's use of a proposed indictment. Such practice was accepted at common law (see, 4 Blackstone, Commentaries on the Laws of England, at 355-356 [1857]) and was prevalent at one time in New York (see, People ex rel. Hackley v Kelly, 24 NY 74, 79). The prosecutor properly instructed the Grand Jury not to draw any inference from the fact that a proposed indictment was drafted. "Absent a breach of a statutory command or some indication of likely prejudice, there is no legal basis for interfering with the prosecutor's prerogatives in determining the manner in which a Grand Jury presentment is made" (People v Adessa, 89 NY2d 677, 682). Defendant's other contentions concerning the Grand Jury proceeding are not preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

Furthermore, defendant's contentions concerning the manner in which County Court set the amount of restitution are not preserved for our review (see, CPL 470.05 [2]; People v Callahan, 80 NY2d 273, 281). In any event, it was not necessary for the court, in ordering restitution in addition to imprisonment, to consider defendant's ability to pay (see, People v Weinberg, 213 AD2d 506, 507, lv denied 88 NY2d 970; Penal Law § 60.27; cf., Penal Law § 65.10 [2] [g]). Based upon the proof at the restitution hearing, the court properly ordered defendant to pay restitution in the amount of $1,369,696.80.

Finally, we reject the contention of defendant that he was sentenced in violation of his plea bargain. The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Grand Larceny, 1st

Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., and Boehm, JJ. (Filed Sept. 29, 1998.)