(November 12, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J. SCOTT CHIERA, Appellant. [681 NYS2d 111] —Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 4, 1996 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant, convicted upon his guilty plea of burglary in the second degree, was sentenced as a second violent felony offender to an indeterminate term of imprisonment of 5 to 10 years. As part of his sentence, defendant was ordered to make restitution in the amount of $108,000. Payment was to be effected by transfer of a 1980 Corvette automobile to the victimized homeowner and, upon release from prison, installment payments of $200 per month.

On this appeal, defendant contends, *inter alia*, that County Court failed to consider his ability to pay which, of course, the court was bound to do (*see, People v Monette*, 199 AD2d 589). We disagree. It is clear from a reading of the restitution order that County Court did consider defendant's ability to pay, inasmuch as it ordered immediate transfer of the Corvette and postponed any scheduled payments until defendant was released from prison, a period during which defendant most assuredly would be unable to make any significant restitution.

Next, defendant contends that he was deprived of effective assistance of counsel with regard to the restitution hearing. Defendant asserts in his brief that counsel failed to fully investigate his version of the facts, interview witnesses, seek discovery of the victim's financial records and sources of income,* submit relevant evidence and call appropriate witnesses to testify. We need only note that all of these matters are dehors the record. Accordingly, defendant's only means of establishing such allegations is pursuant to a CPL article 440 motion. We have considered defendant's remaining contentions and find them equally without merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* It is questionable whether counsel could have accomplished this prior to the hearing inasmuch as there is no general constitutional or common-law right to discovery in criminal cases (see, Weatherford v Bursey, 429 US 545; People ex rel. Lemon v Supreme Ct., 245 NY 24). Rather, criminal discovery is a creature of the Legislature and is governed by the provisions of CPL article 240.