■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOLMES, Appellant. [751 NYS2d 894] —Appeal from a judgment of Erie County Court (Drury, J.), entered November 9,

2000, convicting defendant upon his plea of guilty of scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: The sentencing minutes reveal that County Court imposed restitution in the amount of $1,883 based on the conviction of defendant upon his plea of guilty of scheme to defraud in the first degree (Penal Law § 190.65 [1] [a]). The certificate of conviction, however, indicates that restitution in the amount of $1,903 was imposed. Because of the discrepancy between the sentencing minutes and the certificate of conviction, the amount of restitution ordered must be vacated and the matter remitted to Erie County Court to determine the proper amount of restitution (*see People v Diola*, 299 AD2d 962; *cf. People v Shand*, 280 AD2d 943, 944, *lv denied* 96 NY2d 834; *People v Ingram*, 263 AD2d 959, 960). Assuming, arguendo, that defendant had preserved for our review his further contention that the court erred in ordering restitution without considering his ability to pay, we conclude that defendant's contention lacks merit. "[I]t [is] not necessary for the court, in ordering restitution in addition to imprisonment, to consider defendant's ability to pay" (*People v Emmi*, 254 AD2d 840, 840, *lv denied* 92 NY2d 949; *see People v Weinberg*, 213 AD2d 506, 507, *lv denied* 88 NY2d 970). Finally, the sentence of an indeterminate term of imprisonment of 1⅓ to 4 years is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.