■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DURANT, Appellant. [838 NYS2d 699]—

Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 30, 2004, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to assault in the second degree in satisfaction of a multiple-count indictment. He waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to seven years in prison to be followed by three years of postrelease supervision. He was subsequently sentenced in accordance with this agreement. However, following a statement by one of the victims during the sentencing proceedings, County Court reopened sentencing and ordered defendant to pay restitution to this victim in the amount of $509. Defendant now appeals.

Defendant contends that County Court failed to comply with the mandates of Penal Law § 60.27 in ordering restitution. Preliminarily, we note that although restitution was mentioned in passing at the beginning of the plea proceedings, the amount of restitution ordered was not made a part of the plea agreement. Thus, defendant is not precluded from raising this claim by his waiver of the right to appeal (*see People v Thomas*, 6 AD3d 754, 755 [2004]; *People v Wright*, 288 AD2d 899, 899 [2001], *lv denied* 97 NY2d 689 [2001]). Likewise, under the circumstances presented, defendant's failure to request a restitution hearing or to object to the sentence does not bar him from challenging the amount of restitution ordered (*see People v Dominique*, 229 AD2d 719, 720 [1996], *affd* 90 NY2d 880 [1997]). The presentence investigation report did not mention restitution or contain a victim impact statement detailing out of pocket losses sustained by any of the victims. The only information in this regard was supplied by one of the victims who belatedly gave a statement at sentencing to the effect that he was "out" $1,018. After equally dividing this amount between defendant and a codefendant, County Court ordered defendant to pay $509. Significantly, no detailed evidence was presented concerning the losses covered by this amount, the manner in which it was computed or defendant's ability to pay (*see e.g. People v Monette*, 199 AD2d 589 [1993]; *People v Harden*, 174 AD2d 691 [1991], *lv denied* 78 NY2d 1011 [1991]). Insofar as "[a]n unsubstantiated victim statement regarding the amount of losses is not a sufficient basis for a restitution finding" (*People v Peters*, 299 AD2d 663, 664 [2002]), the matter must be remitted for a restitution hearing (*see* Penal Law § 60.27 [2]).

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.