■ The People of the State of New York, Respondent, v Jermaine L. Wilson, Appellant. [854 NYS2d 915]—Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered January 8, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. In accordance with the plea agreement, County Court thereafter sentenced defendant as a second felony offender to six years in prison and five years of postrelease supervision. Having conducted a restitution hearing, the court also ordered that defendant pay restitution in the amount of $10,860. Defendant now appeals.

Defendant's appellate counsel seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. Noting that, under the circumstances of this case, defendant's waiver of appeal does not bar him from challenging the amount of restitution ordered (*see People v Sartori*, 8 AD3d 748, 749 [2004]), we find that there is at least one issue of arguable merit pertaining to the propriety of the restitution order. Consequently, without passing any judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may reveal (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Smith*, 32 AD3d 553 [2006]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Spain, J.P., Carpinello, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.