(October 16, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY COSTON, Appellant. [865 NYS2d 702]—

Stein, J. Appeal from a judgment of the Supreme Court (Pulver, Jr., J.), rendered July 20, 2005 in Ulster County, upon a verdict convicting defendant of the crimes of aggravated criminal contempt and criminal contempt in the first degree.

In August 2001, an order of protection was entered against defendant relating to his former girlfriend (hereinafter the victim). In the spring of 2002, the victim received a personal injury settlement check in the amount of approximately $8,000. Defendant was aware that the victim was going to receive the money as he had previously accompanied her to her lawyer's office. In June 2002, defendant went to the victim's apartment and, after arguing with the victim, hit her in the head with a hammer and stole what then remained of the settlement money—approximately $6,800. The victim was transported by ambulance to the hospital, where she was treated for a head abrasion.

A warrant was issued for defendant's arrest; however, he was not apprehended until approximately two years later. Defendant was charged by grand jury indictment with the crimes of robbery in the first degree, robbery in the second degree, assault in the second degree, aggravated criminal contempt, grand larceny in the third degree, criminal contempt in the first degree, forgery in the second degree and falsifying business records in the first degree.* After a jury trial, defendant was convicted of the crimes of aggravated criminal contempt and criminal

---

* When defendant was being processed in the county jail, he signed the required documents with the name "Larry McCullough."

contempt in the first degree. He was acquitted of all other charges. Defendant was sentenced to concurrent prison terms of 2$^1$/$_3$ to 7 years and 1$^1$/$_3$ to 4 years, respectively, together with an order of restitution in the amount of $6,800. Defendant now appeals.

Initially, we find that, inasmuch as defendant failed to make a " 'detailed, specific motion addressed to the claimed deficiencies in the evidence' " (*People v Craft*, 36 AD3d 1145, 1146 [2007], *lv denied* 8 NY3d 945 [2007], quoting *People v Riddick*, 34 AD3d 923, 924 [2006], *lv denied* 9 NY3d 868 [2007]), his contention that the evidence is legally insufficient to establish that the victim sustained a physical injury as required to support a conviction of aggravated criminal contempt under Penal Law § 215.52 is unpreserved for our review. Next, we reject defendant's contention that his conviction was against the weight of the evidence. Where, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), "the court must [then] weigh conflicting testimony, review any rational inferences that may [have been] drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007] [citation omitted]; *see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]). If the appellate court concludes that " 'the trier of fact . . . failed to give the evidence the weight it should be accorded, then the . . . court may set aside the verdict' " (*People v Romero*, 7 NY3d at 643-644, quoting *People v Bleakley*, 69 NY2d at 495).

In order to prove that defendant committed the crime of criminal contempt in the first degree, the People were required to establish that, in violating the order of protection, defendant, with the intent to threaten the person for whom the order was issued, subjected such person to physical contact (*see* Penal Law § 215.51 [b] [v]). To prove that defendant committed the crime of aggravated criminal contempt, the People must establish that, in violation of an order of protection, defendant intentionally or recklessly caused physical injury to the person for whom the order was entered (*see* Penal Law § 215.52 [1]). For purposes of Penal Law § 215.52, "physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]).

Here, a different finding would not have been unreasonable

given the inconsistencies between the victim's testimony and her prior statements and the lack of physical evidence linking defendant to the victim's home. However, there was record evidence that an order of protection was issued for the victim directing defendant to stay away from her. The victim testified that defendant went to her apartment while the order was in place and that he hit her in the head with a hammer, causing her to lose consciousness and to suffer an abrasion and substantial bleeding. She further testified that the blow to her head was very painful. The victim's neighbor testified that he heard a commotion upstairs and called the police. The neighbor also testified that he saw defendant leave the victim's apartment and he observed the victim in a "semiconscious" state and bleeding. In addition, a police officer who responded to the scene testified that he found the victim covered in blood emanating from a head wound. Similarly, the detective who interviewed the victim at the hospital noted that he observed abrasions on the back of her head, and the emergency room administrator testified that the lab work indicated that the victim sustained trauma to her head. Viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we conclude that the verdict was in accord with the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Finally, regarding defendant's challenge to the restitution order, since defendant failed to request a hearing to determine the amount of restitution or to otherwise object to the amount of the award, his contention that the award was not supported by sufficient evidence is not preserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]). We may, however, review defendant's contention that the imposition of restitution was illegal regardless of whether defendant objected at trial (*see* CPL 470.15 [4] [c]).

Defendant argues that the convictions for aggravated criminal contempt and criminal contempt in the first degree (hereinafter the contempt convictions) did not constitute offenses under Penal Law § 60.27 because there were no out-of-pocket losses occasioned by those offenses and defendant was acquitted of the robbery and grand larceny charges (hereinafter the theft charges). However, pursuant to Penal Law § 60.27 (4) (a), "the term 'offense' shall include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction." A "criminal transaction" consists

of "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts . . . so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" (CPL 40.10 [2]).

Under the circumstances here, we find that the contempt convictions were part of the same criminal transaction as the theft of the victim's money, having occurred simultaneously thereto (*see* Penal Law § 60.27 [4] [a]; CPL 40.10 [2]). The fact that the jury did not convict defendant of the theft charges does not mean that he is innocent of those charges. Rather, the lack of a conviction merely "stands for the proposition that a jury was not convinced of defendant's guilt beyond a reasonable doubt" (*People v Horne*, 97 NY2d at 413).

Nonetheless, the matter must be remitted with regard to the manner of payment of the restitution award, as there is no evidence in the record that Supreme Court considered defendant's ability to pay, as it is bound to do (*see People v Chiera*, 255 AD2d 685, 685 [1998]; *People v Dominique*, 229 AD2d 719, 720-721 [1996], *affd* 90 NY2d 880 [1997]; *People v Monette*, 199 AD2d 589 [1993]; *People v Robinson*, 174 AD2d 779 [1991]; *see also* Penal Law § 65.10 [2] [g]).

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing the order of restitution; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.