■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE L. WILSON, Appellant. [872 NYS2d 758]—

Malone Jr., J. Appeal from a judgment of the County Court of

Montgomery County (Catena, J.), rendered January 8, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree, waived his right to appeal and was sentenced, as a second felony offender, to six years in prison and five years of postrelease supervision. Following a hearing, at which one of the victims appeared and testified, County Court ordered that defendant pay restitution in the amount of $10,860. This appeal by defendant ensued.

As we noted when this matter was last before us, defendant's challenge to the amount of restitution ordered is not precluded by his valid waiver of the right to appeal (50 AD3d 1395 [2008]; *see People v Durant*, 41 AD3d 976, 977 [2007]). Turning to the merits, in the context of the restitution hearing, "the People bore the burden of proving the victim's out-of-pocket expenses by a preponderance of the evidence" (*People v Russell*, 41 AD3d 1094, 1096 [2007], *lv denied* 10 NY3d 964 [2008]). In this regard, one of the victims testified that the safe stolen from his home contained $10,000 in cash, a gold bracelet valued at approximately $400, a recently purchased video camera valued at approximately $450, two baseball cards and miscellaneous watches and paperwork. Defendant admitted that the safe contained roughly $1,600 in cash, paperwork and two baseball cards but denied finding a video camera or any jewelry. County Court ultimately awarded restitution in the amount of $10,860, representing $10,000 for the missing cash, $430 for the video camera, $400 for the gold bracelet and $30 for the miscellaneous watches.

While sworn testimony at a restitution hearing indeed qualifies as evidence of a victim's out-of-pocket expenses (*see id.* at 1096), which County Court, in turn, plainly is entitled to credit, we nonetheless are not persuaded that the victim's conclusory and otherwise unsubstantiated testimony as to the loss sustained here is sufficient to discharge the People's burden of proof. No receipts or invoices were provided for either the video camera or the gold bracelet, nor did the victim provide any details for those items, i.e., brand name, features, size, weight or date of purchase, that would have aided the court in arriving at an appropriate value therefor. Similarly, although the victim testified that the $10,000 in allegedly stolen cash represented payments made to him by his clients for services rendered and the proceeds from the sale of his boat, there was no client testimony, boat purchaser testimony, bills, invoices, receipts, or other documents or, indeed, any evidence offered to corroborate

the victim's testimony and substantiate this figure. Absent "appropriate bills, estimates or proofs of loss" (*People v Ashley*, 162 AD2d 883, 885 [1990], *lv denied* 76 NY2d 852 [1990]), we find the record insufficient to support the total amount of restitution ordered (*compare People v Russell*, 41 AD3d at 1096-1097) and therefore remit for an appropriate restitution order.

Mercure, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as awarded restitution in the amount of $10,860; matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.