■ The People of the State of New York, Respondent, v Samuel McLean, Appellant. [873 NYS2d 383]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 4, 2004, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In satisfaction of three pending indictments, defendant pleaded guilty to one count of robbery in the second degree, waived his right to appeal and thereafter was sentenced as a second violent felony offender to a prison term of 12 years, followed by five years of postrelease supervision. Additionally, defendant was ordered to pay restitution in the amount of $5,667.90, including the applicable surcharges. Defendant now appeals.

Initially, we reject defendant's claim that the People breached the plea agreement and, as such, County Court should have afforded defendant the opportunity to withdraw his plea. Simply put, the plea colloquy reflects nothing more than the People's willingness to recommend a determinate sentence of nine years if defendant provided certain information regarding an ongoing investigation. As summarized by defense counsel, ''[I]t's understood and agreed that should any testimony or anything from [defendant] be necessary and is utilized, that the People will recommend a lesser sentence than the twelve to be imposed, depending on how the matter works out. But [defendant] understands by pleading guilty today, it ends his three cases with this Court. His worse [sic] exposure is a twelve-year determinate sentence, concurrent with Albany County.'' County Court further clarified the sentencing proposal, asking defendant if he understood that he would be sentenced ''to somewhere between nine years and twelve years in prison,'' to which defendant responded in the affirmative. Contrary to defendant's assertion, the foregoing does not reflect an unconditional commitment on the part of the People to recommend a lesser sentence, nor does the record substantiate defendant's claim that County Court agreed to be bound by any such recommendation. Under these circumstances, we are unable to conclude that defendant's plea was induced by a firm promise that was breached (see People v Jones, 184 AD2d 528, 529 [1992]).

We do, however, agree with defendant that County Court erred in failing to conduct a restitution hearing. Preliminarily, inasmuch as the amount of restitution ordered was not made a

part of the underlying plea agreement, defendant is not precluded from raising this issue by virtue of his waiver of the right to appeal (*see People v Durant*, 41 AD3d 976, 977 [2007]). Further, by contesting the amount of restitution and requesting a hearing, defendant has preserved this issue for our review (*compare People v Coston*, 55 AD3d 943, 946 [2008]; *People v Golgoski*, 40 AD3d 1138 [2007]).

Turning to the merits, with respect to the $5,037.90 ordered as restitution for Gordon Collier, one of the two victims at issue, the People provided County Court with an insurance estimate, marked "paid," to substantiate the damage caused to Collier's vehicle. This document, however, sheds no light upon the reasonableness of the estimated repairs, what repairs actually were performed or how much, if any, of this loss was covered by insurance. Moreover, the record before us does not contain any documentation to support the $630 ordered as restitution for the other victim. As the record as a whole is insufficient to support the total amount of restitution ordered, a hearing in this regard is required (*see People v Snyder*, 23 AD3d 761, 763 [2005]).

Mercure, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.