■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP MORRIS HENRY, Appellant. [881 NYS2d 701]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 26, 2007, upon a verdict convicting defendant of five counts of the crime of burglary in the second degree.

Defendant was charged by indictment with five separate burglaries alleged to have been committed within the City of Albany during a three-week period in October 2006. After a trial, defendant was convicted as charged and was subsequently sentenced to a total of 30 years in prison, with five years of postrelease supervision.[1] County Court also directed that defendant pay $5,169 in restitution. Defendant now appeals and, as

---

1. The specific sentences imposed were as follows: on counts one and two, five years in prison on each count to run concurrently; on count three, 10

(n. cont'd)

we find that his claims have either not been preserved or are without merit, we affirm.

Initially, defendant claims that the evidence supporting his conviction for burglary in the second degree in connection with a residence located at 1 Lawnridge Avenue in the City of Albany was legally insufficient and against the weight of the evidence. Specifically, he argues that no evidence was presented that the residence qualified as a dwelling because, on the date of the burglary, it was unoccupied (*see* Penal Law § 140.25 [2]; § 140.00 [3]). We disagree. "A dwelling does not lose its character as a dwelling based on the temporary absence of its occupant" (*People v Barney*, 294 AD2d 811, 812 [2002], *affd* 99 NY2d 367 [2003] [citation omitted]) and, "[a]lthough the home may have been unoccupied at the precise time of the burglary, it was still a dwelling within the parameters of the Penal Law" (*People v Thomas*, 33 AD3d 1056, 1057 [2006], *lv denied* 8 NY3d 850 [2007]; *see People v Montgomery*, 1 AD3d 984 [2003], *lv denied* 1 NY3d 631 [2004]). Here, the owner of the residence testified that, two months prior to the burglary, he and his family had moved from the residence and listed it with a real estate broker for sale. While it was, in fact, unoccupied on the date of the burglary, it still contained many of the family's personal belongings, including jewelry, clothing and a number of appliances. Under all of the circumstances presented, it retained its essential characteristic as a single-family home, located in a residential area and, while temporarily unoccupied, it remained "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). As such, the evidence was legally sufficient to support the conclusion that the residence was, in fact, a dwelling on the date of the burglary and, further, that the conviction on this charge was not against the weight of the credible evidence.

Next, defendant finds fault with his counsel and claims that he did not provide him with meaningful representation. Initially, defendant points to counsel's failure to object to the admission into evidence of a book found at the scene of one of the burglaries entitled "From Prison to Praise." The relevance of this evidence was established by the testimony given by a witness who claimed to have seen defendant reading a book with this title prior to the burglary (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]). In addition, County Court served to minimize

---

years in prison to run consecutively with the terms imposed on counts one and two; on count four, 7¹/₂ years in prison to run consecutively with the terms imposed on count three; on count five, 7¹/₂ years in prison to run consecutively with the terms imposed on counts three and four.

any prejudicial impact that might result from the title of the book and its subject matter with limiting instructions it gave to the jury as to the proper use of such evidence in its deliberations.

Defendant also takes issue with his counsel's cross-examination of an eyewitness to one of the burglaries, and the fact that it resulted in an identification of defendant by this witness as the perpetrator. Specifically, counsel asked the witness—who had testified to seeing an individual in the vicinity of a residence at the time it had been burglarized—whether the police had asked the witness to make an identification. Rather than respond directly to the question, the witness volunteered that he believed that the person he had seen was defendant. Given that counsel was pursuing a legitimate and relevant line of inquiry by establishing that the witness had not been asked by the police to make an identification, his cross-examination appears to have had a valid strategic objective and a responsive answer from the witness would have aided the defense (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Allah*, 57 AD3d 1115, 1118 [2008]). On balance, viewing counsel's representation of defendant as an integrated whole, we cannot conclude that defendant was deprived of meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Hamms*, 55 AD3d 1142, 1145 [2008], *lv denied* 11 NY3d 925 [2009]; *People v Ramos*, 48 AD3d 984, 987 [2008], *lv denied* 10 NY3d 938 [2008]).

Defendant's claims of prosecutorial misconduct, as well as his contention that County Court failed to properly poll the jury after it had delivered the verdict, were not raised before the court and, as such, have not been properly preserved for our review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Watkins*, 49 AD3d 908, 909 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Kossman*, 46 AD3d 1104, 1107 [2007]; *People v Grady*, 40 AD3d 1368, 1374 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Albanese*, 38 AD3d 1015, 1018 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Blair*, 32 AD3d 613, 614 [2006]). Similarly, defendant not only failed to request that County Court hold a hearing to establish the amount of restitution (*see* Penal Law § 60.27), but now, for the first time, argues that the court erred in not taking into account his ability to pay before imposing restitution as part of his sentence (*see* Penal Law § 60.27 [2]; *People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]; *People v Horne*, 97 NY2d 404, 410 [2002]).

Initially, we note that County Court, in determining the amount to be paid, properly relied upon the presentence report

that established the amount of each victim's loss. Further, Penal Law § 60.27 does not, by its terms, require that a defendant's ability to pay be taken into account when the sentence to be imposed includes, as a significant component, a period of incarceration. Such a requirement would, in effect, remove restitution as a viable sentencing option in many instances where serious harm has been inflicted upon the victim and a period of incarceration will be imposed as part of a defendant's sentence. For that reason, a court may, but is not necessarily required to, take into account a defendant's ability to pay restitution when imposing a nonprobationary sentence that includes as a significant component a period of incarceration.[2] And, we note that CPL 420.10 (5) provides that a defendant may, at anytime, request to be resentenced if it is subsequently determined "that the defendant is unable to pay" the restitution as ordered. Here, defendant's sentence included a period of incarceration and it did not require defendant to pay restitution as a condition of probation—subjecting him to possible incarceration—in the event of his failure to pay. As a result, even if defendant preserved the issue before County Court, the court was not required to consider his ability to pay at the time it imposed defendant's sentence in determining if a legal obligation to make restitution did in fact exist (*see* Penal Law § 60.27 [1]; *People v Holmes*, 300 AD2d 1072, 1073 [2002]; *People v Emmi*, 254 AD2d 840, 840 [1998], *lv denied* 92 NY2d 949 [1998]; *see also People v Jackson*, 23 AD3d 1057 [2005], *lv denied* 6 NY3d 814 [2006]).[3]

Finally, in his pro se supplemental brief, defendant claims that the indictment is jurisdictionally defective (*see* CPL 200.50 [7], [8]). On the contrary, the indictment provided a plain and concise factual statement for each count asserting facts that supported every element of the offense alleged (*see* CPL 200.50 [7]). To the extent not specifically addressed herein, defendant's remaining claims have been reviewed and found to be lacking in merit.

Rose, J.P., Kane, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Of course, if the sentence does not include incarceration, or if it includes a period of probation with a condition of which being that defendant must make restitution, then a defendant's ability to pay must always be considered when imposing such a sentence (*see* Penal Law § 65.10 [2] [g]).

**3.** We recognize that this is a departure from current case law from this Department (*see People v Coston*, 55 AD3d 943, 947 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Durant*, 41 AD3d 976 [2007]) and, as such, those cases should no longer be followed.