808

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GORDON TRAVIS, JR., Appellant. [882 NYS2d 530]—

Kavanagh, J. Appeal from a judgment of the County Court of
Sullivan County (LaBuda, J.), rendered January 3, 2008, convict-
ing defendant upon his plea of guilty of the crime of grand
larceny in the third degree.

Defendant waived indictment, pleaded guilty to a superior
court information charging him with grand larceny in the third
degree and was sentenced as a second felony offender to a prison
term of 3 to 6 years. Defendant waived his right to appeal and
agreed to execute a confession of judgment in lieu of restitution.
At the time of sentencing, a representative of the corporate
victim failed to appear or otherwise provide County Court with
a restitution figure. County Court proceeded to sentence defen-
dant to the agreed-upon term, but left the issue of restitution
"open" for two weeks. County Court thereafter entered a
restitution order in the amount of $22,050, representing the
principal sum of $21,000, together with the statutory surcharge.
Defendant now appeals, asking that the matter be remitted for
a restitution hearing. The People join in defendant's request.

Preliminarily, as the plea agreement did not include the
*amount of restitution to be awarded*, defendant may challenge
the restitution order despite his waiver of the right to appeal
(*see People v McLean*, 59 AD3d 859, 860 [2009]; *People v Wilson*,
59 AD3d 807 [2009]; *compare People v Gilmour*, 61 AD3d 1122
[2009]). Turning to the merits of his challenge, although there
is no dispute that defendant was aware that restitution would
be part of the negotiated sentence, the first notice that he
received of the amount of restitution came from the restitution
order, which, in turn, was based solely upon a terse letter from
the victim's corporation counsel setting forth the damages alleg-
edly sustained. No detailed information was provided regarding
the alleged loss or the manner in which it was computed, nor
was defendant afforded any opportunity to contest the sum
awarded. Under such circumstances, we agree with the parties

that this matter must be remitted to County Court for an appropriate restitution hearing (*see* Penal Law § 60.27 [2]; *People v McLean*, 59 AD3d at 860).

However, to the extent that defendant further argues that the restitution order should have been vacated due to County Court's failure to consider his ability to pay, we disagree. For the reasons set forth in *People v Henry* (64 AD3d 804 [2009] [decided herewith]), a defendant's ability to pay is not a mandatory consideration when restitution is ordered in connection with a nonprobationary sentence that includes, as a significant component thereof, a period of incarceration (*see* Penal Law § 60.27 [1]; *People v Holmes*, 300 AD2d 1072, 1073 [2002]; *People v Emmi*, 254 AD2d 840, 840 [1998], *lv denied* 92 NY2d 949 [1998]; *see also People v Jackson*, 23 AD3d 1057 [2005], *lv denied* 6 NY3d 814 [2006]; *compare* Penal Law § 65.10 [2] [g]).

Peters, Lahtinen and Stein, JJ., concur.

Mercure, J.P. (concurring). I respectfully concur. It is my view that, as a result of this Court's decision in *People v Henry* (64 AD3d 804 [2009] [decided herewith]), it has become unclear which factors must be considered by a court imposing restitution as part of a sentence that also includes a period of incarceration. Pursuant to this Court's long-standing precedent, a defendant's ability to pay is a mandatory consideration when restitution is ordered, regardless of whether the sentence includes a period of incarceration. Thus, defendant's ability to pay should be considered upon remittal.

As relevant here, "[w]here restitution is requested, Penal Law § 60.27 . . . states that the sentencing court 'shall' order restitution in addition to any other sentence imposed 'unless the interests of justice dictate otherwise' " (*People v Horne*, 97 NY2d 404, 412 [2002], quoting Penal Law § 60.27 [1]). In that regard, the Court of Appeals has long held—and recently affirmed—that "a restitution order [under Penal Law § 60.27] *must include* appropriate 'offsets or other factors which could properly reduce the total amount,' " such as the value of any benefit that the victim may have received (*People v Tzitzikalakis*, 8 NY3d 217, 221 [2007] [emphasis added], quoting *People v Fuller*, 57 NY2d 152, 158 [1982] [internal quotation marks and citation omitted]). In accordance with that mandate, along with the well-settled rule that a sentencing court may not "delegate the power to fix the conditions of . . . restitution or reparation to the Probation Department" (*People v Fuller*, 57 NY2d at 155; *see People v Sparber*, 10 NY3d 457, 470 [2008] [citing *Fuller* (at 158-159) for the proposition that "the court . . . alone must impose the sentence"]), this Court has consistently instructed

in our prior cases over the past two decades that certain other factors must be considered in imposing restitution, although any one factor may not be dispositive in a given case. Particularly relevant here, our precedent dictates that a court imposing restitution under Penal Law § 60.27 is required to consider, among other things, "the manner of payment and defendant's financial ability to pay the same," regardless of whether the defendant is sentenced to a period of incarceration (*People v Frisco*, 221 AD2d 779, 780 [1995]; *see e.g. People v Coston*, 55 AD3d 943, 947 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Durant*, 41 AD3d 976, 977 [2007]; *People v Chiera*, 255 AD2d 685, 685 [1998]; *People v Dominique*, 229 AD2d 719, 720-721 [1996], *affd* 90 NY2d 880 [1997]; *People v Monette*, 199 AD2d 589, 589 [1993]; *People v Landes*, 192 AD2d 1, 6 [1993], *affd* 84 NY2d 655 [1994]; *People v Robinson*, 174 AD2d 779, 779 [1991]; *People v Baker*, 156 AD2d 766, 766-767 [1989]; *see also* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.27, 2008 Pocket Part, at 188).

It should be noted that our cases are consistent with those arising out of the Appellate Division, Second Department, which has long adhered to an identical rule (*see e.g. People v Myron*, 28 AD3d 681, 684 [2006], *cert denied* 549 US 1326 [2007]; *People v Melvin*, 11 AD3d 639, 640 [2004]; *People v Yong Ho Han*, 200 AD2d 780, 782 [1994], *lv denied* 83 NY2d 916 [1994]; *People v Mela*, 172 AD2d 630, 631 [1991]; *People v Horton*, 171 AD2d 688, 688 [1991]; *People v Credidio*, 141 AD2d 661, 663 [1988], *lv denied* 72 NY2d 1044 [1988]; *People v Barnes*, 135 AD2d 825, 826 [1987]). In contrast, the Fourth Department has more recently held that a court, in ordering restitution, need not consider a defendant's ability to pay when a defendant's sentence includes a term of imprisonment (*see People v Jackson*, 23 AD3d 1057, 1057 [2005], *lv denied* 6 NY3d 814 [2006]; *People v Holmes*, 300 AD2d 1072, 1073 [2002]; *People v Emmi*, 254 AD2d 840, 840 [1998], *lv denied* 92 NY2d 949 [1998]). These Fourth Department cases are unpersuasive inasmuch as they are grounded upon a misreading of a Second Department case— *People v Weinberg* (213 AD2d 506, 507 [1995], *lv denied* 88 NY2d 970 [1995])—that involved only the interpretation of the scope of a particular remittitur and cannot be reasonably construed as altering the Second Department's long-standing rule that a defendant's ability to pay must be considered when restitution is imposed.

Nevertheless, this Court now, in dicta,* has indicated its willingness to adopt the Fourth Department's position—stating that courts are no longer required to consider a defendant's ability to pay when imposing restitution along with a sentence of imprisonment, and citing the Fourth Department line of cases for authority (*People v Henry*, 64 AD3d at 807). Guided by the principle of stare decisis—which " 'is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process' " (*People v Taylor*, 9 NY3d 129, 148 [2007], quoting *Payne v Tennessee*, 501 US 808, 827 [1991])—I find the suggested departure from our precedent to be misguided. Moreover, both the decision in *Henry* and the majority in this case set forth an unworkable test for determining when a defendant's ability to pay must be considered—directing that such consideration is mandatory only when incarceration is not a "significant component" of a sentence without providing any indication of what component this Court would deem "significant." In the absence of any statutory basis for this new test or any persuasive authority establishing that defendant's ability to pay need not be considered when imposing restitution, I would hold that upon remittal, County Court must follow our established rule and "determine the amount of damage or loss, *defendant's financial condition*, the appropriate amount of restitution and a payment schedule" (*People v Monette*, 199 AD2d at 589 [emphasis added]).

Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution in the amount of

---

* In *People v Henry*, the verdict was rendered following trial and the defendant failed to request a hearing, object to the amount of restitution imposed, or raise any issues regarding his ability to pay (64 AD3d at 807). Inasmuch as the defendant challenged only the procedure used in determining his sentence, rather than the legality of the sentence on its face, the issues presented therein were unpreserved for this Court's review because the defendant failed to raise them in a timely manner (*see People v Horne*, 97 NY2d at 414 n 3; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]; *cf. People v Fuller*, 57 NY2d at 156). Thus, the Court's discussion of restitution in *Henry* is merely dicta (*see* CPL 470.15 [6] [a] [indicating that intermediate appellate courts have jurisdiction to modify or reverse upon unpreserved errors in the interest of justice, as opposed to merely discussing unpreserved issues that are otherwise not properly before us]). Here, preservation was not required because defendant was not made aware of the amount of restitution to be imposed as part of his negotiated plea or given the opportunity to object that he lacked the ability to pay until *after* sentencing (*see People v Dickson*, 55 AD3d 1137, 1138 [2008]; *People v Dickson*, 260 AD2d 931, 933-934 [1999], *lv denied* 93 NY2d 1017 [1999]).

$22,050; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.