■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN S. STEVENS, JR., Appellant. [914 NYS2d 412]—

McCarthy, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered March 12, 2009, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and grand larceny in the fourth degree.

After defendant sold cocaine, an indictment was handed up charging him with one count of criminal sale of a controlled substance in the third degree. A separate indictment charged him with two counts of grand larceny in the fourth degree for his theft of two shotguns. Subsequently, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and one count of grand larceny in the fourth degree in satisfaction of both indictments. Pursuant to that plea, defendant executed waivers of appeal. County Court thereafter imposed concurrent sentences of two years in prison followed by two years of postrelease supervision for the criminal sale of a controlled substance conviction and $1^1/_3$ to 4 years in prison for the grand larceny conviction. County Court also ordered defendant to pay restitution to the victim of the grand larceny. Defendant appeals.

Defendant's valid waiver of appeal precludes us from addressing his argument that his agreed-upon sentence is harsh and excessive (see People v Houck, 74 AD3d 1476, 1477 [2010]; People v Walley, 63 AD3d 1284, 1286 [2009]). While surviving his

waiver of the right to appeal, defendant's contention that his plea was rendered involuntary by the ineffective assistance of counsel is unpreserved for our review due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Davis*, 74 AD3d 1490, 1490 [2010], *lv denied* 15 NY3d 850 [2010]; *People v Volfson*, 69 AD3d 1123, 1124 [2010]; *People v Scitz*, 67 AD3d 1251, 1251-1252 [2009]).

County Court erred by setting a restitution amount without conducting a restitution hearing because there was insufficient evidence to determine the victim's loss. Because the plea agreement required defendant to pay restitution but did not contain the specific amount to be paid, defendant's waiver of his right to appeal does not preclude him from challenging the restitution order (*see People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]).* Defendant preserved this challenge when counsel questioned the amount of restitution at sentencing (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Empey*, 73 AD3d at 1389; *People v Thomas*, 71 AD3d at 1232).

As to the merits of defendant's argument, a restitution hearing must be held where the record lacks sufficient evidence for a court to determine the amount of restitution ordered or the defendant requests such a hearing (*see* Penal Law § 60.27 [2]). A trial court may not rely entirely on the Probation Department's recommendations when ordering restitution (*see People v Fuller*, 57 NY2d 152, 158-159 [1982]; *People v Consalvo*, 89 NY2d 140, 145 [1996]; *People v Pelkey*, 63 AD3d 1188, 1190 [2009], *lv denied* 13 NY3d 748 [2009]). Here, County Court did just that by ordering "restitution in the amount of $1,460.96, per the probation report." The only record support for this amount came from the presentence investigation report, which was based solely on a letter received from the victim of the larceny. No other evidence is contained in the record to support the amount of damages requested by the victim. In fact, the victim claimed that he was entitled to $700 to have the barrel of his gun replaced and new fiber optic sights put on, but the felony complaint alleged that defendant stole a shotgun with a slug barrel and glow sights valued at approximately $600. Not only is it unclear why the barrel needs to be replaced but, at sentenc-

---

* Although defendant agreed, as part of his plea bargain, "to make any reasonable amount of restitution that may be requested by the victim without the necessity of a hearing," we do not consider defendant to have given up his right to a hearing here because it is unclear whether the amount requested was reasonable (*see People v Consalvo*, 89 NY2d 140, 144-145 [1996]).

ing, defense counsel aptly noted that the value of the replacement barrel was higher than the value of the entire gun. Additionally, the victim sought—and received—$760.96 for five lost days of work, but it is unclear who lost days from work, what that person's daily wage was, and how those days were related to defendant's offense. For example, the victim's letter, attached to the presentence investigation report, states that the victim's wife took at least one day off from work before even discovering that the shotguns were missing. As County Court relied solely on the presentence investigation report, which is itself based on insufficient evidence to uphold the restitution ordered, a hearing is required to determine the appropriate amount of restitution (*see People v Travis*, 64 AD3d 808, 808-809 [2009]; *People v Pelkey*, 63 AD3d at 1190-1191; *People v Monette*, 199 AD2d 589 [1993]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Cortland County for a restitution hearing; and, as so modified, affirmed.